DREW, Justice.
This certiorari proceeding relates to a claim for compensation for injuries sustained by petitioner, an employee of respondent Bailey-Lewis-Williams, Inc. Full statement of facts is contained in the order of the Commission[1] reversing, in part, the *298 award of the deputy for 50% permanent partial disability.[2]
The petitioner in this proceeding contends that the full Commission erred in concluding (1) that the deputy did not make “findings of evidentiary facts sufficient to enable this Commission to test the validity under the law of the decision resting upon those facts, and, accordingly, the deputy’s finding as to the claimant’s permanent partial disability should be vacated and set aside and the cause remanded to him for more adequate findings of fact;” and (2) “that the present record before us does not support this ultimate finding of 50% permanent partial disability of the body as a whole as a result of the claimant’s loss of wage-earning capacity,” and remanding the cause with authority to conduct further hearings if necessary.
With respect to the first point, the deputy found simply “that Joseph A. Hedrick while employed by Bailey-Lewis-Williams of Florida, Inc., in the Republic of Panama, at an average weekly wage of $205.00, suffered an accident arising out of and in the course of his employment on October 28, 1959, injuring his ribs, penis, right leg, left arm and head.” The order then recited certain testimony[3] of claimant and medical witnesses without comment, and concluded “that the claimant is 50% permanently and partially disabled of the body as a whole by reason of the effects of the claimant’s industrial injury of October 28, 1959, upon his wage-earning capacity.”
We concur with the Commission’s ruling as to insufficiency of the findings to permit a review of the award under principles delineated in earlier opinions.[4] In view of this conclusion, however, the evaluation of *299 record evidence as to extent of disability is in this case premature and beyond the scope of proper review by the Commission or this Court, and the second statement above quoted is accordingly without effect in the further progress of the cause.
The petitioner’s contentions are without merit with respect to impropriety of vacating, as excessive, an award of counsel fees in an amount of $3,300 entered upon stipulation leaving such fee to the discretion of the deputy. The Commission properly required redetermination upon remand.
Paragraph nine of the Commission’s order relating to sufficiency of evidence is, for the reasons hereinabove set forth, quashed. Other objections raised by the petition are denied and the cause is remanded with directions that it be remanded to the deputy for further proceedings in accordance with such order and the opinion of this Court.
ROBERTS, C. J., and THORNAL, O’CONNELL and CALDWELL, JJ., concur.

. “The claimant, a 37-year old painting superintendent, was injured in the course of his employment when a jeep he was driving overturned in the Republic of Panama. Claims were filed on February 15, 1960 and April 12, 1960, for compensation benefits and remedial treatment against the employer and carriers, Continental Casualty Company, Royal Globe Insurance Company, and Employers Service Corporation. The carrier, Continental Casualty Company, took the position that it has no obligation to pay the employee compensation benefits inasmuch as it insures the employer for workmen’s compensation in certain states of the United States, specifically excluding the State of Florida. The carrier, Royal Globe Insurance Company, entered a defense that the Florida Industrial Commission has no jurisdiction over it under the terms and conditions of the policy of insurance issued to the employer herein, Bailey-Lewis-Williams, Inc.; and further, the carrier, Royal Globe Insurance Company, has no coverage to pay workmen’s compensation benefits to the employee herein inasmuch as the policy of insurance does not purport to afford insurance to employees of the employer already covered by the compensation laws of the United States, and specifically the compensation law of the State of Florida. The self-insured employer and its service agent, Employers Service Corporation, entered a defense that the claimant was hired for work to be performed exclusively outside of the United States and consequently the carrier, Royal Globe Insurance Company, should pay any work *298 men’s compensation benefits awarded to the claimant.
“Following the hearing on the claims filed, the deputy commissioner entered the order now on review finding that the Florida Industrial Commission has jurisdiction over the parties and the subject matter of the claims, dismissing the compensation claims against the carriers, Continental Casualty Company and Royal Globe Insurance Company, awarding the claimant compensation benefits for 50 per cent permanent partial disability of the body as a whole, and awarding an attorney’s fee of $3,300.”

. For disposition of the respondent employer’s contest of compensation coverage, see companion case of Bailey-Lewis-Williams, Inc., -v. Hedrick et al., Fla., 140 So.2d 299.

. “The claimant further testified that he is thirty-six years of age and has a high school education. He is married and has four children. Since the date of the accident, the best job he has been able to get was on January 1, 1961, earning $25.-00 per week as a bookkeeper for a construction'company with whom the wife of the claimant works as a real estate saleswoman. Outside of the bookkeeping job, he has been able to earn $40.00 for three days’ work as a travelling salesman, but was unable to do that type of work. . The claimant testifies" that he wants to work but that he is unable to do the type of work he has been used to doing, that is, the work of a painter. The claimant feels that he can no longer do the type of painting which he has been accustomed because he can no longer climb or hang on scaffolds while painting or move a paint bucket while standing on ladders because of the injury to his arm.
“The testimony of Dr. Benjamin Coleman, a neuro-psychiatric specialist, was to the effect that the claimant has a post-concussion syndrome conversion reaction or chronic anxiety state. The doctor testified that the symptoms the claimant complained of when he went to Jackson Memorial Hospital, which he felt was a heart attack, was in the opinion of Dr. Coleman, probably an anxiety attack, since the EKG proved to be within normal limits. It was the opinion of Dr. Coleman that the claimant had a 10% permanent partial disability of the body as a whole, and that this would be over and above any orthopedica disability assigned by Dr. E. W. Cullipher.
“The testimony of Dr. Michael M. Gilbert, psychiatrist, was essentially corroborative of the testimony given by Dr. Benjamin Coleman. It was the opinion of Dr. Michael M. Gilbert that the claimant has a 10-20% permanent partial disability of the body as a whole.”

.Hardy v. City of Tarpon Springs, Fla. 1955, 81 So.2d 503. '