DREW, Justice.
The deputy commissioner found that claimant’s injuries resulted solely from an industrial accident which occurred in October 1964. With reference to the employer’s contention that a 1962 injury was a contributing factor to the 1964 injury, the deputy found, “I therefore find that claimant’s present problems are in no way related to any accident or injury which occurred in November of 1962.” The record clearly supports that conclusion.
The full commission, on review, found that the 1962 accident was related to the 1964 injuries and that the deputy should have apportioned the award. The following is from the full commission’s order:
“ * * * A review of the medical evidence convinces us that the deputy commissioner should have apportioned the award of permanent partial disability. The 1963 provisions of Section 440.02(19), Florida Statutes, are applicable in the instant case, a portion of which reads as follows:
“ * * * Where a pre-existing disease is accelerated or aggravated by accident arising out of and in the course of employment, only acceleration of death or the acceleration or aggravation of disability reasonably attribut *827 able to the accident shall be compen-sable * * * ’
“A careful review of the record indicates to us that the claimant has had a long history of medical problems. One of these problems was an injury to his back in 1962, which Dr. Carmichael opines was the origin of his later back complaints. Medical evidence is uncontradicted that the claimant has undergone arthritic changes which were prominent in the lumbosacral area of the back and produced severe pain. This is the same area where the claimant was treated by Dr. Pfaff prior to the October 1964 accident. It therefore seems evident to us that the primary cause of the condition which the claimant is now suffering from is the initial degenerative arthritic spine.” (Emphasis supplied.)
On review of a deputy’s order, the full commission has the duty of determining whether the deputy commissioner properly fulfilled his functions with reference to the evidence to support the findings and the law applied to the findings.[1] Such commission has no power to make independent findings as it has done here. Where, as here, the deputy’s order is based on competent substantial evidence and the result reached comports with logic and reason, it is binding on the full commission and this Court. Moreover, there was no basis for the assertion of the full commission in its order that “the sole issue for our determination is whether the deputy commissioner erred as a matter of law in failing to apportion the claimant’s permanent partial disability between the accident occurring on November 16, 1962 and the accident of October 21, 1964.” (Emphasis supplied.) The question was not one of law but one of fact which had been determined — as we have pointed out — by the deputy. Accepting, as we must, the factual determination of the deputy that the 1962 accident was not related to the 1964 injury, there is no basis whatever for apportionment.
We find no merit to the employer’s contention in its cross-petition that there was no causal connection between the accident of 1964 and claimant’s condition in May and June of 1965, which was the period following an April vacation trip, or that the evidence did not support the award of 40% permanent partial disability. The deputy’s order on these points is fully supported by the evidence.
That portion of the order of the full commission which remands for the purpose of correcting a conceded error in computing temporary total compensation is approved; in all other respects the order is quashed with instructions to reinstate the deputy’s compensation award. The cross-petition is denied.
It is so ordered.
THORNAL, C. J., and O’CONNELL and ERVIN, JJ., concur.
CALDWELL, J., agrees with conclusion.

. Hardy v. City of Tarpon Springs, Fla.1955, 81 So.2d 503.