BOYD, Justice.
This cause is before us on petition and cross petition for writ of certiorari to the Florida Industrial Relations Commission.
*784 The first compensation order in this cause was entered December 19, 1967, by Judge George Butler, awarding claimant a 25% functional disability and a 35% loss of wage earning capacity. Attorney’s fees of $500 were also awarded. Claimant appealed this order to the Full Commission and the Full Commission affirmed the 35% compensation award but reversed the award of attorney’s fees due to the fact that there was no stipulation or evidence concerning fees. Claimant then sought review by certiorari in this Court. On February 4, 1970, 231 So.2d 209, this Court affirmed the Full Commission’s reversal of attorney’s fees but reversed the Commission’s ruling concerning the 35% compensation award, citing Brown v. Griffin, 229 So.2d 225 (Fla.1959). This Court remanded the cause for the purpose of making additional findings of fact on the evidence already taken.
In March of 1970, the parties were again before the Judge of Industrial Claims pursuant to the mandate of this Court. The parties stipulated before the Judge, who is now Judge George Pink, that Judge Pink was to enter an order based on the record and evidence already presented. At a conference before the Judge, claimant’s counsel presented a proposed compensation order awarding permanent total disability, and the employer’s counsel presented a proposed compensation order awarding 35% loss of wage earning capacity. Judge Pink inadvertently entered the proposed order submitted by claimant’s counsel and this order was sent through the mail. Some six days later, on March 28, 1970, Judge Pink entered a rescinding order, vacating the prior order which he stated had been inadvertently entered. Thereafter, on May 15, 1970 Judge Pink entered a third compensation order making various findings of fact and reaching a decision that claimant had sustained a 35% permanent partial disability loss.
Claimant sought review of Judge Pink’s last order and the Commission by order dated January 4, 1971, reversed Judge Pink’s order and remanded the cause with directions to enter an order based on his own independent conclusions as to the degree of permanent disability.
Claimant has petitioned this Court for review of the January 4, 1971, order of the Full Commission seeking to have this Court grant certiorari, quash the order of the Full Commission and either reinstate Judge Pink’s first order or order an award of permanent total disability.
The employer has cross-petitioned for writ of certiorari seeking to have this Court quash the order of the Full Commission and reinstate the order of the Judge of Industrial Claims of January 4, 1971.
After argument, and upon consideration of the record and briefs of the parties, we have determined that the Full Commission erred in reversing the order of the Judge of Industrial Claims and remanding for entry of a new order. The order of Judge Pink, dated May 15, 1970, awarding a 35% permanent partial disability is supported by competent substantial evidence and should be reinstated.
Accordingly, the petition for writ of cer-tiorari is denied; the cross-petition for writ of certiorari is granted; the order of the Full Commission is quashed and the cause remanded with directions to reinstate the order of the Judge of Industrial Claims dated May 15, 1970.
It is so ordered.
ERVIN, Acting C. J., and McCAIN and DREW (Retired), JJ., concur.
DEKLE, J., dissents.