ERVIN, Chief Justice.
We have for review by petition for writ of certiorari an order of the Florida Indus *730 trial Commission dated June 13, 1968 in which the Commission reversed an order of the Judge of Industrial Claims and dismissed the claimant’s petition for modification.
Petitioner (employee-claimant) was injured during his employment with Respondent as a service station attendant when on March 28, 1958 a .22 caliber pistol fell out of his pocket and discharged, sending a bullet through his right wrist. Medical testimony adduced at the hearing on Petitioner’s claim in 1961 revealed that claimant developed a “hand-shoulder syndrome” as a result of the gunshot wound and that medication used in treating his condition reacted and caused an ulcer and internal bleeding which in turn caused heart complications in the form of a myocardial infarction. Claimant’s treating physicians, Drs. Glen Wagner and P. T. Mengies, agreed that claimant had a permanent partial disability of 80 per cent of the body as a whole, and that this was attributable to both the arm and heart conditions; 30 per cent to 40 per cent being attributable to disability of the right arm and the remainder to the heart condition. The record evidence as reviewed by the Judge of Industrial Claims (then Deputy Commissioner) in his order entered on October 24, 1961 reveals that Dr. Mengies was of the opinion that claimant was then totally unable to do physical labor because of his heart condition.
The Judge of Industrial Claims in his 1961 order found that claimant’s disabilities were causally related to the gunshot accident and that his earning capacity had diminished from $65 per week to $0.00 per week, temporarily, by virtue of his disabilities. The Judge specifically found claimant had not regained earning capacity in gainful employment to the present time (apparently the date of the hearing on May 9, 1961), and thereby was entitled to compensation for temporary total disability from March 28, 1958 to August 9, 1961, at the rate of $35 per week. The Judge further stated that claimant’s disabilities “are hereby found to be 30% loss of use of the right arm; 50% loss of wage-earning capacity due to disability of the body as a whole * * In addition to temporary total disability, the Judge ordered payment of compensation for “30% disability of the right arm from August 9, 1961, and 50% permanent partial disability of the body as a whole from August 9, 1961.”
No review of this order was sought by Petitioner and claimant’s compensation benefits were paid out and terminated in February, 1966. On October 11, 1966 claimant filed a petition for modification of the first order based on a mistake of fact or a change of condition.
A hearing was held on the petition for modification before Judge of Industrial Claims Stewart on April 6, 1967, at which time Dr. Wagner testified claimant’s condition had changed since 1961 and that he was progressively in less good health, particularly with regard to his heart and that he was more limited with respect to anything involving physical exercise. The manager of the Florida State Employment Service in Cocoa, Florida, testified there was no stable labor market for a man with claimant’s physical limitations.
The Judge of Industrial Claims found that the Deputy Commissioner made a mistake in a finding of fact in the 1961 order by finding claimant’s compensable permanent disability to be other than permanent total disability. The Judge predicated his finding of mistake of fact on the basis that the evidence adduced at the original hearing affirmatively shows that claimant at the time of that hearing had no earning capacity whatsoever. The Judge further found, based on testimony at the modification hearing, that claimant’s compensable bodily infirmities have steadily worsened and that the claimant is presently unable to do any work and there is no stable market for his employment. The Judge of Industrial Claims found claimant permanently and totally disabled from February 11, 1966, the date on which his previous com *731 pensation terminated, and awarded permanent total benefits at the rate of $35 per week from that date to continue for as long as claimant’s permanent disability shall last.
On review by the Commission, the order of the Judge of Industrial Claims was reversed and the petition for modification dismissed on the basis the Judge’s findings were not supported by competent substantial evidence which accords with logic and reason, and that said order does not accord with the essential requirements of law. The Commission concluded claimant’s physical condition has not changed since it appears he could not work at the time of the original order and the same appears true at the present time. The Commission further concluded that if claimant was dissatisfied with the 1961 order he should have applied for a review of said order and not waited until compensation terminated before complaining of the inadequacy of the same.
Having examined the record and briefs and having heard oral argument, we conclude there exists competent substantial evidence to justify a petition for modification of the prior order pursuant to F.S. Section 440.28, F.S.A. The evidence adduced at the modification hearing pertaining to the worsening of Petitioner’s bodily infirmities associated with his heart condition, together with the evidence that the manifested result of Petitioner’s condition had rendered him incapable of finding work in a stable labor market is sufficient to entitle Petitioner to the type relief contemplated by F.S. Section 440.28, F.S.A. The operative purposes of Section 440.28, were ably defined by Mr. Justice Drew in his dissenting opinion in Felix v. Lawnlite Company (Fla.1965), 174 So.2d 743, 745. He said:
“Modification provisions are the safety valve of workmen’s compensation acts. Such statutes are fair to both employer and employee. In tort cases a judgment ends the question of the amount of damages and extent of injuries but these statutes [workmen’s compensation statutes] fix a two year period to reevaluate the original findings and correct mistakes of fact and provide for change of conditions. The objective is to compensate the employee for whatever subsequent events (within the prescribed periods) establish is the real extent of his injuries — whether more or less than that originally determined. Without such statutes no careful lawyer could advise either the claimant or the employer to accept or offer an award until the passage of time had established the true extent of the disability and this would defeat the very purpose of the compensation laws. * * * ”
In the present situation it seems clear from the compensation order entered in this case in 1961 that the Judge of Industrial Claims (then Deputy Commissioner Haines) hearing said cause entertained the view that Petitioner’s bodily infirmities, including the heart condition, were not so disabling as to render Petitioner wholly incapable of establishing a future earning capacity. In this respect, it appears that the Commission has overlooked the fact that Deputy Commissioner Haines could have reasonably entertained the expectation that claimant’s temporary inability to regain earning capacity in gainful employment since the accident would not necessarily characterize his future status, but, rather, that claimant’s expected diminution in earning capacity would stabilize more or less in accordance with the original medical prognosis of his anatomical disabilities. Although it may be argued with some authority that Deputy Haines unduly slighted certain evidentiary considerations in not attributing a larger permanent wage earning disability to Petitioner’s heart condition, the plain fact remains that the evidence presented in support of modification indicates the transpiration of events cogently indicative of the incompatibility of the prior determination with the real extent of Petitioner’s disabilities. In these circumstances, to hold that Petitioner is not entitled to modification of the earlier determination so as to conform his com *732 pensation award to the existing realities of his disability would unduly thwart the liberal purpo_ses sought to be accomplished by F.S. Section 440.28, F.S.A.
Having concluded competent substantial evidence exists to support the modification order of the Judge of Industrial Claims, the order of the Commission is quashed and the order of the Judge of Industrial Claims is reinstated.
It is so ordered.
ROBERTS, DREW and ADKINS, JJ., concur.
THORNAL, J., agrees to conclusion.
CALDWELL (Retired), J., and TAYLOR, Circuit Judge, dissent.