ERVIN, Justice
(dissenting):
This review considers claimant William Lane’s petition for modification which was rejected by the Judge of Industrial Claims, who was affirmed by the Full Commission.
Much of the history of this litigation is related in the dissenting opinion in the original determination of compensation benefits, Lane v. Pipeline Construction Company, Fla., 222 So.2d 19, and need not be repeated here.
The question before us is whether the five per cent permanent partial disability functional rating of claimant in the origi--nal affirmed order of the Judge of Industrial Claims entered on December 15, 1967, which was not then reflected in terms of loss of wage earning, is now subject to modification on the basis of claimant’s contention that his subsequent physical condition and ability to earn a living have in fact worsened as a result of his industrial injury, a lumbar sprain.
Conceding arguendo no mistake was made in the original order of December 15, 1967, the instant record of testimony in the modification proceedings reflects that despite the opinion of Dr. Gregory that claimant’s condition only involved a five per cent permanent partial disability of the body as a whole and despite the Judge of Industrial Claims’ original finding that “claimant’s pre-existing arthritis was not aggravated by the industrial accident,” the uncontradicted evidence reflects claimant has been unable to successfully perform manual labor after December 15, 1967, and earn a living, although he has very creditably attempted to do so on jobs which were offered to him.
Either from original mistake or worsened condition within the period for modification, the claimant is now entitled in these proceedings to consideration concerning his loss of wage-earning capacity.
Claimant’s ability to perform manual labor immediately prior to the industrial accident but none thereafter, negatives Dr. Gregory’s opinion that the industrial accident’s impact on claimant’s pre-existing scoliosis and degenerated changes “was temporary.” Under these circumstances his opinion of 1967 here reiterated hardly stands the test of competent substantial evidence comporting with logic and reason or reflects any gradual or “normal progress” of a pre-existing disability.
Dr. Nadler, claimant’s treating physician, testified in these proceedings that claimant *743 had reached maximum medical improvement, had a 35-40 per cent permanent disability of the body as a whole, of which 20-25 per cent was due to a pre-existing condition and 15 per cent was due to the industrial accident which triggered the pre-existing condition that had been non-disabling before the accident but made .it become disabling as it has been since December 15, 1967.
As was stated in Arnold v. Stroud, Fla., 221 So.2d 729, modifications in workmen’s compensation cases fix a two-year period to re-evaluate the original findings and correct mistakes of fact and provide for change of conditions. There, we noted the Judge of Industrial Claims originally found the claimant’s bodily infirmities were not so disabling as to render him wholly incapable of establishing a future earning capacity. The judge there, as here, entertained the expectation that claimant’s temporary functional inability to regain earning capacity in gainful employment would not necessarily characterize his future status. We said in that case, “ * * * the plain fact remains that the evidence presented in support of modification indicates the transpiration of events cogently indicative of the incompatibility of the prior determination with the real extent of Petitioner’s disabilities.”
Likewise in this case, it appears the Judge of Industrial Claims, following Dr. Gregory’s reiterated opinions that the industrial accident only had “temporary” impact on claimant’s preexisting infirmity, now has no confirmation for his finding in subsequent events. Persistence in this error requires reversal and modification when the uncontradicted subsequent facts disclose claimant made an honest effort to resume manual labor from what was said to be only a 5 per cent permanent functional disability but has been unable to do so contrary to the expectation of the Judge of Industrial Claims. Moreover, in any event, failure to translate claimant’s disability in terms of his loss of wage-earning capacity compatible with the reality of his situation as confirmed by his subsequent experience is manifest mistake on its face. Ball v. Mann, Fla., 75 So.2d 758.
The order denying modification should be quashed and the case remanded with instruction to award claimant at least a percentage of his disability, taking into consideration his condition as it exists now as compared to his condition as it existed at the time of the accident and his resultant loss of wage-earning capacity.