PER CURIAM.
Claimant/petitioner John Moncrief is a 44-year-old mechanic with an 8th grade education. He dropped out of school because of chronic osteomyelitis, a condition which resulted in the removal of his left leg in 1957. In addition, he has had radical stomach surgery and extensive surgery on his right arm and hand due to a malfunction of nerves. This left him with an impairment of dexterity, strength and sensation in the hand.
While working for Respondent Hollywood Heights Shell Service Station, Petitioner slipped and fell, fracturing his right pelvis. Between the time of this accident and the hearing on his claim, he secured employment at another service station where the employer permitted him to take from one to three hour rest breaks without a pay deduction. At the first hearing, he testified that although he was working the pain was becoming greater. The Judge of Industrial Claims concluded he had a twenty per cent loss of wage earning capacity.
The compensation order was entered in July, 1969. In September 1969 Petitioner moved to New Jersey, his former home, to obtain welfare benefits. According to a statement he made in a subsequent deposition, this was necessary because: “My hip got so bad I couldn’t stand on it any longer. I couldn’t get the help down here so I had to go back up North.” A month later he filed a petition for modification contending both mistake in fact and change of condition.
The second hearing was heard before the Judge who had entered the first order. The Judge considered the testimony of two doctors, one of whom had examined the Petitioner previously; a rehabilitation nurse; an employment counselor, and the petitioner himself. He concluded that the *714 Petitioner was now “permanently and totally disabled.” He stated he based this conclusion on “the opinion of Dr. Forrest Foreman” as well as “my own observation of the claimant and his testimony at the hearings in 1969 and now at the new hearing.”
On review, the Industrial Relations Commission remanded, with directions to the Judge of Industrial Claims to enter a new order containing specific findings of fact. In its order, the Commission stated that while “it is quite apparent to us in reviewing the record that the claimant has suffered a change in condition ... we are at a loss to comprehend what change in physical condition the claimant has suffered with respect to the specific injuries he incurred as a result of the industrial accident in 1967. The judge has not specified it in his Order and, accordingly, we cannot intelligently consider the appeal. As the record now stands, it appears that the judge has merely ‘re-tried’ the case.” The Commission - cited Sonny Boy’s Fruit Company v. Compton, Fla.1950, 46 So.2d 17, and Power v. Joseph G. Moretti, Inc., Fla.1960, 120 So.2d 443, as authority for reversal.
Petitioner contends that at the time of the first hearing he was working and that the Judge of Industrial Claims, therefore, was justified in concluding he was not totally disabled; but that at the time of the second hearing on petition for modification he was unable to work. In addition, he points out that a change had obviously taken place and that the Judge of Industrial Claims based his award on the testimony of a doctor as well as his own observations, and he concluded that Petitioner “suffered a change of physical condition since the hearing in 1969, which left him worse and resulted in greater disability, increased pain and greater restrictions and limitations of the physical activities which he is required to perform in the daily duties of employment.” Accordingly, the Judge of Industrial Claims did not merely retry the case.
We conclude the Commission erred in reversing the Judge of Industrial Claims. The Commission agrees that the claimant suffered a change in condition and that he is unable to work subsequent to the original hearing when he was awarded twenty per cent permanent partial disability. The Commission, however, states it does not comprehend what change in physical condition claimant has suffered with respect to the specific injuries he received as a result of the industrial accident in 1967.
Specifically, the Judge of Industrial Claims found at the modification hearing: “that claimant has a 25% permanent partial disability of the body as a whole due to the accident of July 15, 1967,” which taken with his pre-existing disability resulted in a total disability of 65 per cent of the body as a whole; and that because thereof claimant had reached the point where he could not work at all. Thus there appears to be a genuine change in claimant’s condition attributable in part to the industrial accident of 1967.
Under the stated circumstances we reverse on the authority of U. S. Casualty Co. v. Maryland Casualty Co., Fla.1951, 55 So.2d 741. Accordingly, the order of the Industrial Relations Commission is quashed and the cause remanded with instructions to reinstate the order of the Judge of Industrial Claims.
ROBERTS, C. J., and ERVIN, CARLTON, McCAIN and DEKLE, JJ., concur.