ADKINS, Justice.
We have for review by petition for writ of certiorari, a decision of the Industrial *480 Relations Commission which reversed a decision of the Judge of Industrial Claims.
Petitioner-claimant, Eugene Collins, allegedly suffered a work-related injury while employed by respondent, Town of Palm Beach. The Judge of Industrial Claims agreed and ordered compensation. The Industrial Relations Commission reversed and remanded for further findings of fact.
The basic facts of the case are in controversy, i. e., whether an injury occurred and, if so, when it occurred. The evidence as to the fact of the injury depends on the testimony of Collins himself and that of Dr. Melvin P. Firestone, an examining psychiatrist. Collins testified that he injured himself at work lifting sixty-gallon garbage cans partially filled with water during the “warm part” of 1968, during the slow season. He was unable to be more specific. Although other medical testimony was contrary or inconclusive, Dr. Firestone testified that Collins remains disabled as a direct result of a work-related injury in 1968.
As to the date of the accident, the evidence places the date between September 4, 1968, his last full week of work, and September 18, 1968, when he first saw a physician.
Based on the evidence, the Judge of Industrial Claims filed an order which held, in pertinent portion:
“4. I find that the Claimant did sustain an accident on or about September 5, 1968. I accept the Claimant’s testimony as to the mechanism of the accident. The Claimant reported the accident to Mr. David A. Larrabee who made an appointment for the Claimant with Dr. Stanley Kuvin for November 5, 1968.”
Another section of the order dealt with his reliance on the testimony of Dr. Firestone as to the present condition of Collins.
The Industrial Relations Commission reversed the order, finding it to be
“ . . . deficient in that it does not contain sufficient findings of fact so as to enable us to test the validity of the decision resting upon such facts. A review of the testimony taken at the trial and depositions indicates that there are at least five different possible dates of accident. The Order does not explain why he selected the date of September 5, 1968.”
We agree with the Industrial Relations Commission that the Judge of Industrial Claims failed to support his finding as to the date of the injury, but a remand could unearth no further clues.
Throughout the proceedings, the Judge of Industrial Claims made every effort to ascertain from witnesses when, as well as if, an accident might have occurred. A review of the proceedings fails to show how a remand of the cause could result in any greater certainty as to the date of the accident, or otherwise serve any perceivable purpose than delay. The finding of the Judge of Industrial Claims as to the fact of an accident is supported by competent and substantial evidence.
The Industrial Relations Commission relied on the language of this Court in Brown v. Griffin, 229 So.2d 225 (Fla.1969), which requires that findings of “ultimate facts” be made sufficient to show the basis of the award. Fla.Stat. § 440.-25(3)(c), F.S.A. This Court defined “ultimate facts” as:
“ ‘all those facts necessary to be found in a given case in order that the determination of the right of the parties shall become a pure question of law.’ 90 C.J.S. p. 1021. Words and Phrases, Volume 43, Pages 3-14.” 229 So.2d 225, p. 227.
Brown v. Griffin, supra, also reaffirms the requirements of Ball v. Mann, 75 So.2d 758 (Fla.1954), which referred to “material facts,” and Hardy v. City of Tarpon Springs, 81 So.2d 503 (Fla.1955), which requires that the statement of facts should be sufficient to allow for meaningful review.
*481 The date of the accident is material to the question of the running of the statute of limitations of two years (Fla.Stat. § 440.19(b), F.S.A.), or the failure to give notice pursuant to Fla.Stat. § 440.18, F.S. A. Jurisdiction and proper notice were stipulated in the hearing and the statute of limitations has not been raised as a defense, so that there has been no showing that the date of the accident is a material fact or that the failure to support the fixing of a specific date has prejudiced either party. On the contrary, it appears from the testimony that the date of the accident was considered inconsequential beside the larger question of the fact of the accident. At the hearing, counsel for the Town of Palm Beach indicated:
“If there was an accident I will accept some September date.”
We can find no reasonable basis for overturning the findings of the Judge of Industrial Claims. His findings as to the actuality of the injury are supported by substantial and competent evidence, and his choice of one date in early September rather than some other as the time of the injury has not been shown to be prejudicial to either party. To require further findings of fact as to the date of the accident under the facts of the case sub judice would be to deprive Collins of the protection of workmen’s compensation merely because an immaterial date could not be ascertained.
Accordingly, the order of the Industrial Relations Commission is, and must be, quashed, and the cause is remanded to the Industrial Relations Commission with instructions to reinstate the order of the Judge of Industrial Claims.
It is so ordered.
ROBERTS, Acting C. J., ERVIN, Me-CAIN and DEKLE, JJ., and SPECTOR, District Court Judge, concur.