275 So.2d 229 (1973)
Herbert Hoover SMITH, Petitioner,
v.
LAKE BUTLER GROVES, INC., et al., Respondents.
No. 42400.
Supreme Court of Florida.
March 7, 1973.
Rehearing Denied April 17, 1973.
Thomas R. Mooney, of Meyers & Mooney, Orlando, for petitioner.
Warren C. Rose, of Earle, Rose, Carey & Yanchuck, St. Petersburg, and Kenneth H. Hart, Jr., Industrial Relations Commission, Tallahassee, for respondent.
ERVIN, Justice.
Petition for writ of certiorari to review a reversal order of the Industrial Relations Commission.
Claimant Herbert Hoover Smith was injured in a compensable accident on August 9, 1966. On June 26, 1968 the employer, Lake Butler Groves, filed with the Industrial Relations Commission a form notifying the Commission that it was suspending temporary total disability benefits as of June 1, 1968, the date on which the employer contended the claimant had reached maximum medical improvement. The employer stated that it intended to commence payment of permanent partial disability benefits based on 35% of the body as a whole.
Claimant then requested a hearing at which he made claim for permanent total disability benefits, permanent partial benefits in excess of 35%, and attorney's fees. At the time of the hearing the employer decided the claimant had not reached maximum medical improvement, and concluded the permanent partial it initiated on June 1 should be reclassified as temporary total. The employer agreed it would continue to furnish benefits to the claimant, and if he did not improve it would pay permanent total.
On March 5, 1969 the JIC entered his order finding the claimant had not reached his maximum medical improvement as of the date of the hearing. He said, however, that the order was being entered "without prejudice for further orders to be entered finding that claimant did reach maximum medical improvement" prior to that time.
A second hearing was held on November 19, 1970 before a second judge. On March 25, 1971 he entered his order finding claimant was permanently and totally disabled *230 and unable to compete competitively on the open labor market. The JIC ordered the employer to pay the claimant weekly compensation based on a permanent total disability rating from May 14, 1968 to continue until claimant is able to compete competitively on the open labor market. In addition, the claimant was allowed to change doctors and was given hearing costs. The JIC reserved jurisdiction on the question of attorney's fees.
The employer sought review by the IRC. With two members sitting, the Commission reversed saying the order was not supported by competent, substantial evidence; rather, according to the IRC, "the Judge of Industrial Claims [in his order] merely recited his own conclusions and those of witnesses." The IRC remanded the cause to the JIC for further findings of fact and entry of a new order containing a statement of "the basic factors concerning age, education, work experience, labor market skills and limitations which must be considered in awarding permanent total disability." In addition the Commission said an award of attorney's fees based upon permanent total was inappropriate in light of its order.
Petitioner-claimant seeks certiorari review here of that IRC order.
In reaching his conclusion, the JIC said:
"I further find that the Claimant is able to engage in some limited physical activities for short periods of time, but that these activities are not enough to enable him to compete on the open labor market or obtain full time competitive employment. I based these findings on the limitations placed on the Claimant by the treating physician ... and further on the testimony of Dr. L.C. Fisher ... that there has been no essential change in Mr. Smith's condition since he first saw him and his opinion that Mr. Smith would be unable to do much work to earn a living for him and his family. I have also considered the testimony of the Claimant and his wife as to the limitations and physical problems he has at the present time and has had since he reached maximum medical improvement, and have taken into consideration the testimony of both investigators . .. and have considered the films taken of the Claimant by both of these parties... ."
In addition, the Judge said he took into consideration the stipulation made at the first hearing that the claimant was totally disabled and unable to work in an open labor market.
The record supports the Judge's conclusion without more. In addition, it seems to support a finding that this case falls within the following rule from Port Everglades Terminal Co. v. Canty, Fla. 1960, 120 So.2d 596:
"Where the injured person can handle only a specially-created job, one light of effort and responsibility but laden with rest and comfort (employment plums that do not often dangle from the tree of everyday economics) the burden is on the defendant-employer to show that such a job is in fact within reach. If proof of that fact is not presented, the claimant then is entitled to a finding of total disability."
It would be a waste of time and money to remand the case to the JIC for further hearing and a more complete statement of his findings when review of the record as it now stands amply supports his conclusion.
The order of the Commission is quashed with direction to reinstate the order of the Judge of Industrial Claims.
It is so ordered.
CARLTON, C.J., and BOYD and DEKLE, JJ., concur.
ROBERTS, J., dissents.