275 So.2d 226 (1973)
Angelo ARROYO, Petitioner,
v.
CROWN HOTEL et al., Respondents.
No. 42844.
Supreme Court of Florida.
March 14, 1973.
Rehearing Denied April 16, 1973.
*227 Donald Feldman of Feldman & Abramson, Miami, for petitioner.
John G. Tomlinson, Jr. of Williams & Tomlinson, Coral Gables, and Kenneth H. Hart, Jr., Tallahassee, Fla. Industrial Relations Comm., for respondents.
ERVIN, Justice.
Petition for a writ of certiorari to review an order of reversal of the Industrial Relations Commission.
In 1965 claimant Angelo Arroyo was injured while acting as busboy in the respondent Crown Hotel. He sustained a sprain of the cervical and lumbar region, sprain of the left shoulder, and a contusion of the abdomen. As a result he was awarded 8% permanent partial disability of the body as a whole. Later he returned to work for Crown Hotel, serving as a room service waiter. This was a "light duty position and the claimant limited himself to working only the breakfast and lunch table." He later requested transfer back to his busboy duties in the dining room.
According to the Judge of Industrial Claims in his order in the instant cause:
"On March 1, 1969 the claimant reported to his regular busboy station in the Crown Hotel dining room... . [O]n this date the hotel was short a number of busboys and the number of tables the claimant had to service was doubled. He became extremely apprehensive, spoke to the head waiter, but was told that he would have to pull his weight as best he could. While in a pained and emotionally upset state a table of guests began to complain bitterly to the claimant and exchanged what he considered to be very obscene, nasty and upsetting remarks. He then developed a sudden onset of severe chest pain. It should be noted that the claimant during periods of extreme anxiety over the previous month had developed short periods of chest pain, but nothing like that which he experienced on March 1, 1969. The claimant was taken by ambulance to Mt. Sinai Hospital where he was hospitalized... ."
Because of his March 1 injuries, claimant filed a claim for modification of the 1965 order, and in the alternative, filed a separate claim alleging a new accident. The JIC found:
"... that the unusual work load coupled with the verbal abuse to which the claimant was exposed on March 1, 1969, caused him to suffer a cardiac neurosis which is causally related to and directly attributable to his employment with the Crown Hotel."
The Judge concluded claimant "suffered a new and separate accident on March 1, *228 1969," as well as "suffered a marked change in condition ..." He based his conclusions primarily on the testimony of claimant's treating physician but additionally on the testimony of a psychiatrist and internal medicine specialist. Claimant was awarded 40% permanent partial disability of the body as a whole.
The IRC reversed and dismissed the cause. The Commission said (1) that there was no "accident" within the meaning of Chapter 440 because claimant suffered a "mental" or "nervous" injury rather than a "physical" injury; and (2) that:
"The Judge's Order reveals no basis upon which we can determine how the Judge considered, or whether the Judge considered, March 1, 1961 [sic], to be a new accident as distinguished from a change in condition inasmuch as he states that they both obtained simultaneously. Nor are we able to determine whether the forty per cent permanent partial disability is the product of a new accident or change in condition, since the Judge attributed the forty per cent to both. However, if it was in fact a new accident, it is clear that there was not a compensable injury under the terms of F.S. § 440.02(19), inasmuch as there was no physical injury involved. If there was a change in condition, the Judge failed to lay a proper predicate in the course of his Order and to explain, according to the requirements of law, that change in condition and to make specific findings of fact." (Emphasis supplied.)
Petitioner/claimant contends that even if the March 1, 1969 injuries were not the result of a new "accident," the evidence clearly supports the JIC's finding that on that date he suffered a change in condition. The IRC did not state that the record lacked competent substantial evidence to support such a modification, but rather found fault with the form of the JIC's Order. Claimant contends the form was sufficient to support a finding of change in condition under our holdings in Moncrief v. Hollywood Heights Service Station, Fla. 1972, 259 So.2d 713; Arnold v. Stroud, Fla. 1969, 221 So.2d 729. Furthermore, claimant says that even if the form were not proper, the cause should have been remanded for entry of a new order rather than dismissed, citing Brown v. Griffin, Fla. 1964, 229 So.2d 225.
Respondents contend the JIC found claimant suffered a new accident and rejected his alternative claim for modification. Therefore, they contend that since there was no new accident, recovery was impossible and the claim was properly dismissed. They ignore, however, the fact that the JIC's order indicates he based his award on the alternative grounds of new accident and change in condition. See, for example, the following quoted from the JIC's order:
"As a result of the added emotional strain produced by the incidents occurring March 1, 1969, I find that the claimant has suffered a marked change in condition from the 8% of the body as a whole awarded in the Prior Order entered in this cause on March 22, 1967."
Therefore, aside from any question concerning whether there was a new accident, the findings of the JIC based upon competent substantial medical evidence indicate that claimant's preceding industrial injury disability or condition was worsened by a conversion reaction brought on by stress and excitement occurring on the job. The fact that the JIC also found claimant suffered a new accident in the same circumstances is immaterial. It is no basis for a denial of the claim predicated on a changed or worsened condition.
The order of the Industrial Relations Commission is reversed with directions to remand to the Judge of Industrial Claims for entry of an order consistent with this opinion.
It is so ordered.
ROBERTS, Acting C.J., and ADKINS, BOYD and DEKLE, JJ., concur