McCAIN, Justice.
This cause is before us on petition for writ of certiorari to review an order of the Industrial Relations Commission which reversed and remanded to the Judge of Industrial Claims.
On December 6, 1963, while in the employ of Cut ’N Care Lawn Service, the claimant sustained a compensable back injury.
In April, 1969, following a varied series of employments, the claimant began work with the respondent, Creamon’s Chevrolet, *212 fully disclosing the details of his 1963 accident. On March 4, 1970, while in the employ of Creamon’s, the claimant sustained a second compensable back injury.
On April 2, 1970, the claimant and Cut ’N Care Lawn Service entered into a “Stipulation and Joint Petition for Final Settlement” of the 1963 claim. The claimant’s disability from the 1963 accident was stipulated to be a 35% permanent partial disability of the body as a whole, which the Judge of Industrial Claims approved. Cut ’N Care, as a result of this order, paid the claimant a lump sum in full settlement of the 1963 claim.
After the second injury, the claimant instituted the instant cause. The treating physician, who also treated the claimant for his accident in 1963, opined that the claimant’s disability required that he refrain from: lifting heavy objects; working more than 6 hours per day; standing for more than an hour; sitting for more than an hour; working above ground level; walking on uneven terrain; driving long distances; and, repeated bending and squatting. The physician also opined that the claimant should take short breaks between standing and sitting periods.
The physician further concluded that the two injuries sustained by the claimant had merged to produce a permanent disability materially and substantially greater than that which would have resulted from the second accident alone. He rated the claimant’s physical impairment at 34% of the body as a whole, with 4% of the total attributable to the second accident.
The Judge of Industrial Claims accepted the opinions of the physician as to the claimant’s physical impairment. He went on, however, to consider the question of wage earning capacity loss following the second accident. In this connection, it is noted that some months after the second accident, the claimant left his employment with Creamon’s and began work with Johnson’s Gulf Service. With the exception of several weeks of temporary partial disability, during which the claimant could not work full time, the claimant’s average weekly wage with Johnson’s was $150.00, as compared with an average weekly wage of $138.00, with Creamon’s.
Based upon the testimony of the physician and the information relating to wages noted above, the Judge of Industrial Claims found that as a result of the merger of injuries, the claimant had sustained a permanent partial disability from loss of wage earning capacity amounting to 40% of the body as a whole, with 5% attributable to the second accident. The Judge of Industrial Claims stated:
“In addition to the aforementioned variables, in arriving at this finding I have considered that the claimant, subsequent to the herein accident, with the exception of the periods of temporary partial disability, has earned as much or more wages than he earned prior to the said accident; however, I find that the other variables aforementioned adequately reflect that the claimant’s earning capacity has been considerably diminished and will remain so in the future.
“ . . .1 further find that the employer’s defense that Section 440.-15(5) (c) is a bar to claimant’s recovery of any benefits is not applicable inasmuch as said Section did not become effective until after the herein industrial accident.”
On appeal, the Industrial Relations Commission reversed and remanded, concluding that the Judge of Industrial Claims had failed to adequately indicate:
“ . . . what justification there is for the finding of a permanent loss of wage earning capacity, nor has he made findings of fact on the issue of loss of wage earning capacity in sufficient detail so as to permit an intelligent review of his order . . . . ”
In an amended order, the Commission noted that while Fla.Stat. § 440.15(5)(c), F.S.A., had been amended by Chapter 70- *213 312, Laws of Florida, effective July 1, 1970, an unamended version was in effect on the date of the accident — March 4, 1970. The Commission then held that the pre-amendment version of Fla.Stat. § 440.-15(5) (c), F.S.A., was applicable and served to limit claimant’s award on the second claim to that portion of the disability attributable to the second accident — found by the Judge of Industrial Claims to be a 5% disability.
In Pierce v. Piper Aircraft Corp., Fla., 279 So.2d 281, filed June 6, 1973, .we felt compelled to reevaluate our prior decisions on the necessity of making extensive, detailed findings of fact. Because of the improved system under which workmen’s compensation cases are now handled, we established the following guide:
“The Judge of Industrial Claims need make only such findings of ultimate material fact upon which he relies, as are sufficient to show the basis of an award or a denial of the claim. A long, verbose explanation of the reasoning for making such findings of fact is not required.”
In the case before us, the ultimate finding of fact we are concerned with is whether or not the claimant suffered a loss of wage earning capacity creating a greater disability than that caused by his physical impairment alone.
In finding that the Judge of Industrial Claims had not made sufficient findings of fact on this issue, the Commission quoted from the Judge’s order and then commented on the quoted portion of the order as follows:
“ ‘ . . . In addition to the aforementioned variables, ... I have considered that the claimant, subsequent to the herein accident, with the exception of the period of temporary partial disability, has earned as much or more wages than he earned prior to the said accident; however, I find that the other variables aforementioned adequately reflect that the claimant’s earning capacity has been considerably diminished and will remain so in the future.’
“The Judge of Industrial Claims has not informed us as to exactly what these aforementioned ‘variables’ which he considered were. The Judge does mention in paragraph three of the Order that the difference between the claimant’s actual wages as reflected by the payroll records, both with the employer herein and Johnson’s Gulf Service, where he worked subsequent to. the accident of March 4, 1970, accurately reflect his decrease in earning capacity for the period following the accident. He inserted in this portion of the Order a chart showing the claimant’s actual wages from March 17, 1970, through September 11, 1970, as well as his average weekly wage and temporary partial compensation; however, it appears after an examination of the record, that subsequent to leaving this employer, claimant’s wages had, if anything, increased and not decreased in a different type of employment, though admittedly his hours were different. The Judge of Industrial Claims has not adequately indicated what justification there is for the finding of a permanent loss of wage earning capacity, nor has he made findings of fact on the issue of wage earning capacity in sufficient detail so as to permit an intelligent review of his Order by the Industrial Relations Commission.” (Emphasis added.)
The portion of the Judge’s order quoted by the Commission appears at the end of paragraph 4, however in the same paragraph the Judge found that the claimant was 25 years old, had an 11th grade education, had attended vocational training where he learned tree trimming and landscaping, had worked in various jobs, had suffered an injury in 1963 causing permanent physical injury which hindered him in his employment, that he had suffered a second injury causing additional physical impairment, had subsequently experienced *214 recurrences of pain and swelling, had various limitations on what he is now able to do, and that the two accidents had merged. The Judge then stated that in addition to these variables he had considered the fact that the claimant was now earning as much or more wages, but concluded that the other variables aforementioned adequately reflected the claimant’s loss of wage earning capacity.
Accordingly, we conclude that the Commission’s statement, that the Judge had not adequately informed it of what the variables were, is unfounded. It is readily apparent that the variables relied upon were those facts found in paragraph 4, which we have enumerated above. Therefore. the findings of fact of the Judge of Industrial Claims on the question of wage earning capacity loss were adequate for an intelligent review.
As to the Commission’s holding in its amended order concerning the applicability of the pre-amendment version of Fla.Stat. § 440.15(5) (c), F.S.A., we agree that the Judge of Industrial Claims should have considered it. Because the Judge of Industrial Claims held that it was not applicable, we do not feel it appropriate for this Court or the Commission to review the award of the Judge until after he has had an opportunity to consider it. The Commission’s holding that the claimant’s award on the second claim should be limited to that portion of the disability attributable to the second accident — found to be 5% — -appears to be incorrect, however, in light of our decision in Stephens v. Winn-Dixie Stores, Inc., 201 So.2d 731 (Fla.1967). We reserve judgment on this point, however, until the Judge of Industrial Claims has had an opportunity to consider the applicability of Fla.Stat. § 440.15(5) (c), F.S.A., as it existed prior to the 1970 amendment and as interpreted in Stephens.
In summary, the order of the Judge of Industrial Claims contains sufficient findings of fact on the issue of loss of wage earning capacity and accordingly, we quash the Commission on this point. We agree, however, that the Judge of Industrial Claims committed error in failing to consider the pre-amendment version of Fla. Stat. § 440.15(5) (c), F.S.A., and accordingly, we affirm the Commission on this point.
Therefore this cause is remanded to the Industrial Relations Commission with directions to further remand the cause to the Judge of Industrial Claims for consideration of, F.S., Section 440.15(5)(c), F.S. A.
It is so ordered.
CARLTON, C. J., and ROBERTS, ERVIN and DEKLE, JJ., concur.