ERVIN, Justice.
We review by writ of certiorari an order of the Industrial Relations Commission reversing an order of the Judge of Industrial Claims herein.
The Judge’s order recites that claimant Ann A. Varnum was injured in industrial accidents on January 2, 1971, March of 1971, and September 1, 1971; that an employer/employee relationship existed between claimant and employer Boise Cascade Composite Can Division on those accident dates and that claimant’s average weekly wage was $80.79.
That claimant’s position was that she was entitled to further remedial care, treatment and attendance and compensation benefits. Employer/carrier took the position all benefits to which claimant was entitled had been paid and that claimant’s present physical conditions were not related to any of said accidents.
The JIC found from the testimony of medical witnesses claimant was not entitled to further compensation benefits or treatment for the injury of September 1, 1971 (a broken toe) — that the toe had healed and a neuroma later developing near the site of the broken toe was not causally related to the accident.
*2 The JIC found that prior to the January and March 1971 accidents, claimant had a congenital defect in the low back known as spondylolysis. That according to the opinion testimony of Dr. Bright McConnell those accidents aggravated the claimant’s congenital back condition and he (the JIC) so found. He added that he had considered the testimony of Dr. Royston Miller and Dr. McConnell on this point and that to the extent their testimony conflicted he found Dr. McConnell’s testimony more in accord with logic and reason and accepted it. Consequently, the JIC set forth in his order claimant is “entitled to further remedial care, treatment and attendance for her low back condition,” and he awarded her same under supervision of Dr. McConnell. He further found claimant had lost no time from work because of her back injuries; but that following her foot injury, which disabled her from work, she attempted to return to work but her employer terminated her at that time. He found that from the date claimant attempted to return to work until date of hearing she was not temporarily and totally disabled because of the condition of her back and accordingly he denied her temporary disability benefits.
On appeal the Industrial Relations Commission held insufficient in law the JIC’s acceptance of Dr. McConnell’s testimony over Dr. Miller’s the treating physician, because the JIC accepted it without explanation other than his conclusion that Dr. McConnell’s testimony is more in accord with logic and reason.
The Commission then states that the testimony of Drs. Miller and McConnell is to the effect claimant has a congenitally weak back; that she had flare-ups with it from time to time; “that she probably had an aggravation of such condition in the alleged injuries of January and March 1971; [but] that she was healed and asymptomatic within a period of two or three months following the January incident . . . ”
The Commission quoted Dr. Miller to the effect it was his opinion the present complaints of claimant were unrelated to “the trauma which Appellee (claimant) described as having taken place in March 1971.”
The Commission states that Dr. McConnell’s testimony is to the effect that he did not think claimant’s complaints were related to her back injuries. The portion of Dr. McConnell’s testimony quoted by the Commission is that claimant
“does not have a normal back to begin with. . . . Based on that, I think it’s entirely possible she may have had some pain produced by each of these episodes she had. Apparently it cleared up though because she didn’t mention it to me initially or to Dr. Miller, apparently in February of ’72. I hope I understand the question.”
Based upon its reasons noted, the Commission held the JIC order failed to meet the requirements of the following cases: Hardy v. City of Tarpon Springs (Fla.1955), 81 So.2d 503; Andrews v. C.B.S. Division, Maule Industries (Fla.1960), 118 So.2d 206, and Ball v. Mann (Fla.), 75 So.2d 758. Thereupon the Commission reversed the JIC and dismissed the claim.
Our study of the transcript does not reveal substantial conflict between the testimony of the two physicians. Dr. Miller, when asked if the industrial accidents of 1971 aggravated claimant’s pre-existing back condition, responded, “It’s a hard question for me to answer.” Dr. Miller did give his opinion that he felt any aggravating injury resulting from such accidents should have been healed up within the period of time since the trauma.
However, there is opinion testimony in the transcript from Dr. McConnell based upon his assuming her case history to be true, that claimant was asymptomatic to back pain prior to the industrial accidents of 1971, but after the accidents she experienced sharp pain in her back which continued to be symptomatic since that time. He said it was reasonable to expect “that *3 (such industrial accidents) would be an aggravating factor.” Dr. McConnell also opined that assuming the truth of the claimant’s history of her back disability and its being symptomatic since her industrial accidents of 1971, her condition would need further treatment.
The claimant deposed that since her industrial accidents she has “had pain constantly with my back since I hurt it in January of ’71.” There was lay testimony from a Mrs. Mitchell, claimant’s former co-worker, that she observed claimant experiencing back pain and that claimant told her it was the result of the 1971 industrial accidents.
From the foregoing resume of the evidence and the orders entered in this case and their evaluation in the light of applicable law, we believe, the Commission improperly substituted its findings for those of the JIC and was without authority to dismiss the claim. Its action was contrary to United States Casualty Co. v. Maryland Casualty Co. (Fla.1951), 55 So.2d 741.
It appears to us the JIC s findings of ultimate fact as set forth in his order sufficiently follow the principles recently enunciated in the cases of Arroyo v. Crown Hotel (Fla.1973), 275 So.2d 226; Federal Electric Corp. v. Best (Fla.1973), 274 So.2d 886; Smith v. Lake Butler Groves, Inc. (Fla.1973), 275 So.2d 229, and Pierce v. Piper Aircraft Corp. (Fla.1973), 279 So.2d 281.
Our own reading of the transcript of testimony discloses no good reason for faulting the JIC’s order allowing further medical treatment for claimant’s back complaints.
The order of the Commission is quashed with direction to reinstate the order of the JIC.
It is so ordered.
ADKINS, BOYD and McCAIN, JJ., concur.
CARLTON, C. J., and ROBERTS and DEKLE, JJ., dissent.