WENTWORTH, Judge.
The employer/carrier appeals urging that the deputy erred in failing to apply the statute of limitations to the injuries sustained in 1974, in holding Commercial Union responsible for a 28% permanent partial disability (from a total 60% award against three carriers for separate accidents, on authority of Tolvanen v. Eastern Air Lines, 287 So.2d 299 (Fla.1973)) on a wage earning capacity loss basis, and in awarding compensation at the rate of $126.00 per week for the disability attributable to the 1974 injuries.
After careful consideration of the record and arguments presented we find no error with respect to Points I & and II and affirm. However, there is merit in appellant’s third point above stated, controverting application of the compensation rate in effect at the time of the last of the several accidents from which claimant reached maximum medical improvement in 1979.
In pertinent part, Section 440.-12(3), Florida Statutes (1978), states: “The provisions of this section as amended effective July 1, 1973, shall govern with respect to disability due to injuries suffered after June 30,1973 and prior to January 1,1975.” Section 440.12(2), Florida Statutes (1973), governing appellant’s accident, provides that compensation shall not exceed $80.00 per week. The weekly rate of compensation to be awarded is a matter of substantive law fixed by the statute in effect at the time of the accident. Sullivan v. Mayo, 121 So.2d 424 (Fla.1960), Walker and LaBerge, Inc. v. Halligan, 344 So.2d 239 (Fla.1977). We conclude appellee’s reliance upon the provisions of Section 440.15(5)(c) is inappropriate. In view of the determination of a common date of maximum medical improvement the deputy in this case as in Tolvanen, supra, did not apply merger principles controlling preexisting permanent conditions and “did not, of course, make an apportionment within the contemplation of F.S. Section 440.02(19), F.S.A., which was not applicable.” Tolvanen, supra at 301.
The order is affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.
SHIVERS, J., and LILES, WOODIE A. (Ret.), Associate Judge, concur.