81 So.2d 503 (1955)
Hampton HARDY, Petitioner,
v.
CITY OF TARPON SPRINGS, St. Paul Mercury Indemnity Company, and the Florida Industrial Commission, Respondents.
Supreme Court of Florida. En Banc.
June 22, 1955.
*504 Finch & Mosley, Clearwater, for petitioner.
Barton & Enwright, Robert M. Barton, St. Petersburg, Burnis T. Coleman and Rodney Durrance, Tallahassee, for respondents.
DREW, Chief Justice.
On September 22, 1952, the claimant received an injury by accident arising out of *505 and in the course of his employment when he struck his right foot against the metal edge of a machine. No abrasion or open wound was caused by this blow. In April, 1953, claimant's right foot was amputated because of a gangrenous condition therein. Claimant sought compensation for the loss of the foot asserting that the amputation was the proximate result of the accident of September, 1952. The Deputy Commissioner denied this claim and his order was affirmed by the Full Commission. The claimant seeks review of this latter order.
At the threshold we are confronted with a serious procedural impediment because the order of the Deputy Commissioner denying compensation fails to set out what facts were relied upon to determine the case. This deficiency goes to the very heart of the procedure for the review of compensation orders and impels us to consider and summarize what is necessary in that respect.
The Deputy Commissioner is required by statute, in his order allowing or rejecting a claim, to set forth "a statement of the findings of fact and other matters pertinent to the questions at issue." (Italics added.) Section 440.25(3)(c), F.S. 1953, F.S.A. These findings of fact when supported by competent, substantial evidence cannot be upset. United States Casualty Co. v. Maryland Casualty Co., Fla. 1951, 55 So.2d 741.
The Full Commission, in reviewing an order of a Deputy Commissioner, has the duty to determine whether his findings of fact are supported by the evidence and to determine whether the order based thereon is correct under the law. See Naranja Rock Co., Inc., v. Dawal Farms, Inc., Fla. 1954, 74 So.2d 282.
This Court upon review of a final order of the Full Commission has the duty of determining whether the Commission properly fulfilled its function with reference to the evidence to support the findings and the law applied to the findings. See Wilson v. McCoy Mfg. Co., Fla. 1954, 69 So.2d 659.
Thus, under our procedure, it is the Deputy Commissioner who is vested with the power and charged with the duty of weighing and considering the evidence and making reasonable deductions therefrom and of translating them into express findings of fact which constitute the foundation on which his decision must rest. The function of the reviewing authorities is to determine whether there is sufficient evidence to support the findings of fact and whether the law has been properly applied thereto by the Deputy Commissioner.
Where there is a failure by the Deputy Commissioner to make adequate findings of fact in support of his decision, the order, upon review, ordinarily must be reversed and the cause remanded for compliance with the statutory requirements, either with or without a new hearing of the parties as the circumstances may require. This view is the accepted rule. See 58 Am.Jur. 879, Section 476.
There is obvious necessity for this rule because in the usual case there can be no intelligent review of the result in the absence of findings of fact. Thus in a case where there is competent, substantial evidence on both sides on facts material to the result, there will always be competent, substantial evidence to support the decision whether it be one in favor of an award or one in rejection of the claim. For this reason, if the Deputy Commissioner fails to set out the facts relied upon to sustain the result in such cases, it is always impossible upon review of his decisions to correct or even detect an error of the Deputy Commissioner in the event that he has reached the result through an erroneous application of the law or through an erroneous finding of facts. There can be no determination of whether the facts relied upon were properly supported by competent evidence, absent a statement of these facts. Clearly, a failure to hold the Deputy Commissioner to his statutory duty of making findings of fact leaves open a *506 door to serious injustices which may occur in a manner that cannot be detected.
The case of Ball v. Mann, Fla. 1954, 75 So.2d 758, 760, exemplifies the serious implications which may flow from a failure to require the Deputy to make adequate findings of fact on material issues. In that case, the Deputy Commissioner found that the disability of claimant had terminated and ordered payment for permanent partial disability to the extent of 20% but failed to make a finding of fact that there was an impairment in earning capacity of the claimant. Upon review, the respondent urged that the award must stand because it was supported by competent, substantial evidence. And so it was. If this were all that had been involved, the decision must necessarily have been affirmed. But the Deputy Commissioner had failed to make a finding of fact material to the award and for that reason the award was set aside and the cause remanded for proper findings of fact.
In Ball v. Mann, supra, with reference to the statutory requirement of a statement of findings of fact, we noted: "Mere recitals of the evidence do not satisfy this requirement. A Deputy Commissioner should resolve all conflicts in the evidence upon material matters and make specific findings of fact sufficient to show clearly the basis for the award. By adherence to this procedure, the record will advise the litigants, and they are entitled to know, of the facts taken into consideration in assessing an award and will facilitate the task of any reviewing authority." It is also noted that observations, recitals and excerpts from the testimony of witnesses, argumentative comment thereon, expressions of personal beliefs and opinions, statements of the reasoning used, statements that a party has or has not established his claim as required by law are not proper. They are not required by the statute nor are they sufficient to satisfy the statutory duty requiring that there be set forth a statement of the findings of fact. In this connection see Swan v. Williamson, 74 Idaho 32, 257 P.2d 552, 554; 50 Am.Jur. 875, 876, Sections 467, 468.
It is not to be implied that the Deputy Commissioner must set out in detail every fact brought out in the evidence. However, his statement of facts should be clear and unambiguous and should be sufficiently definite and detailed to enable the reviewing authority to test the validity under the law of the decision resting upon those facts. See 58 Am.Jur. 878, Section 472.
In the instant case, the findings of fact do not meet this test. The record consists of nearly 200 pages. There was testimony by six doctors, two of whom testified for claimant. There were several exhibits. The respondent contended, among other things, that the gangrene occurring in April, 1953 was the result of a new injury to claimant's foot occurring after the injury incurred at his employment in September of 1952. On this feature of the case, as well as with reference to the testimony of the doctors the Deputy Commissioner made no findings of fact. His order merely recited what some of the witnesses testified and concluded with the statement that in his "opinion" the claimant "failed to establish causal relationship between the accident of September, 1952 and the amputation of April, 1953," and that also in his "opinion" the employer "by substantial contrary evidence destroyed any and all presumption existing in favor of the claimant." Even if we ignore the fact that the statement of the Deputy Commissioner is in the form of his "opinion", the statement wholly fails to satisfy the statutory requirement. Instead, the mere assertion that the claimant did not establish a causal relationship and that the carrier established its position by substantial evidence is at the most a conclusion of law. See Weaver v. Industrial Commission of Colorado, 69 Colo. 507, 194 P. 941.
The failure to set forth a proper statement of facts precludes intelligent judicial review of this order. Not being advised what constituted the basis for the decision, *507 any effort on our part to determine its correctness would be mere guesswork. For example, the Deputy, in his own mind, may well have resolved every material fact conflict in favor of the claimant and believed all of his witnesses, yet denied recovery because by his own mental processes he applied a wrong rule of law. He may have believed in his own mind that as a matter of law the claimant could not prevail because he had the lesser number of witnesses or because his claim was barred by the lapse of time. Of course, it is pure speculation that the Deputy may have so found and may so have believed. But it is also pure speculation to decide unequivocally that he did not find and so believe.
It has been suggested that the instant case should be reviewed and affirmed because the evidence shows no material conflict but is susceptible only of an interpretation favorable to the decision. However, it is futile for this Court to examine the record because it is not our duty to, nor should we, sit as a fact finding body to determine from the evidence the facts in the first instance. Nor can we on review ascertain whether the evidence is sufficient to establish facts which have not been found by the Deputy Commissioner. Nor is it our duty nor are we required to inspect the evidence in order to determine opposing contentions about what it may show, or to state such findings of fact as the evidence may permit. The Deputy Commissioner is the only person having authority to make findings of fact. Our examination of the evidence is not for the purpose of making fact findings but is for the purpose of ascertaining whether findings which have been made are properly supported by the evidence.
Laney v. Holbrook, 150 Fla. 622, 8 So.2d 465, 467, 146 A.L.R. 202, is directly in point. In that case, a board of public instruction had dismissed a school principal found guilty of misconduct. We held that under the circumstances "the general `verdict of guilty' was not sufficient to constitute findings of facts as required by statute and, therefore, fell short of due process of law." And we there asserted that in review of an administrative order required to be based upon findings of fact, the reviewing court is not compelled "to grope in the dark and to resort to guesswork as to what facts the Board had found to be true and what facts alleged were not found to be true."
We will not burden this opinion with a detailed discussion of other authorities. Those interested may refer to the exhaustive annotation on the subject of findings of fact in workmen's compensation proceedings which appears in Note, 1943, 146 A.L.R. 123. For recent decisions discussing the subject and remanding the cause for proper findings of fact, see United State Fidelity & Guaranty Co. v. Industrial Comm., 128 Colo. 68, 259 P.2d 869; Swan v. Williamson, supra; Stoner v. Howard Sober, Inc., Ind. App., 118 N.E.2d 504; Michler v. Krey Packing Co., 363 Mo. 707, 253 S.W.2d 136; Cummins v. State Industrial Commission, Okl., 264 P.2d 721. On the subject of administrative findings generally, see Note, 1943, 146 A.L.R. 209. And see Stern, Review of Findings of Administrators, Judges and Juries: A Comparative Analysis, 58 Harv.L.Rev. 70.
A decision on the merits is favored whenever possible but the instant case fails to present a proper basis for that. If we fail to hold the Deputy Commissioner to his statutory duty of making findings of fact and instead seek to do this task ourselves, we are merely paying lip service to our firmly established holding that "the deputy commissioner is the only person charged with the burden and responsibility of hearing the witnesses and making findings of fact" and whose findings when properly supported are binding upon the courts. (Italics added.) United States Casualty Co. v. Maryland Casualty Co., Fla., 55 So.2d 741, 744, supra. By requiring the Deputy Commissioner to adhere to his statutory duty, each award or denial thereof will be made on a more orderly basis, the task of review will be simplified, and a door to many possible injustices will be closed.
*508 Certiorari is granted and the order of the Full Commission, dated April 12, 1954, is vacated with directions to enter an order setting aside that part of the order dated September 15, 1953, which denied compensation for the amputation of claimant's foot in April, 1953, and remanding the cause to the Deputy Commissioner for his further consideration in the light of the views expressed herein with express authority to conduct further hearings if in his discretion that is necessary.
TERRELL, SEBRING, HOBSON and ROBERTS, JJ., concur.
THOMAS and THORNAL, JJ., dissent.