229 So.2d 225 (1969)
Alexander BROWN, Petitioner,
v.
Joseph GRIFFIN and the Florida Industrial Commission, Respondents.
No. 38580.
Supreme Court of Florida.
December 3, 1969.
*226 Fuller & Brumer and Bolles, Goodwin, Ryskamp & Ware, Miami, for petitioner.
Preddy, Haddad, Kutner & Hardy, Miami, Patrick H. Mears and J. Franklin Garner, Tallahassee, for respondents.
TAYLOR, Circuit Judge.
We consider a petition for certiorari to the Industrial Commission in a workmen's compensation case in which the judge of industrial claims entered and the Industrial Commission affirmed a so-called "shortform" compensation order denying the claim.
The case was set for oral argument on the question of the constitutional validity of Chapter 67-374, Laws of Florida 1967, which amended Section 440.25(3) (c), Florida Statutes, F.S.A. insofar as it relates to the contents of compensation orders.
Prior to the amendment the pertinent part of this statute was:
"The order rejecting the claim or making an award (referred to in this chapter as a compensation order) shall set forth a statement of the findings of fact and other matters pertinent to the questions at issue * * *"
This was amended to read:
"The order making an award or rejecting the claim (referred to in this chapter as a compensation order) shall set forth the findings of ultimate facts and the mandate, and the order need not include any other reasons or justification for such mandate."
It is suggested that this amendment is invalid as an undue legislative invasion of the proper functioning of the judicial branch of the state government by attempting to regulate the manner in which this court exercises its constitutional judicial powers of review. If the statute, properly construed, does interfere with the proper exercise by this court of its constitutional powers it is invalid and must be so adjudged. But if the statute is reasonably susceptible to a construction which renders it valid, that construction should be adopted.
Chapter 67-374 makes two changes in the language of Section 440.25(3) (c). It inserts the word "ultimate" as an adjective describing the facts which must be stated in every compensation order. It is the effect of this change which creates the present problem. But this is the lesser of two changes. The major change is the elimination of the requirement that the compensation order shall contain "other matters pertinent to the questions at issue" and the insertion in its place of a provision that the order "need not include any *227 other reasons or justification for" the order entered.
It is quite clear that the elimination of the requirement that the compensation order shall set forth "other matters" refers to matters other than findings of fact.
It is equally apparent that the addition of the language "need not include any other reasons or justification" was intended to refer to matters other than findings of fact.
The only change in the statute relating specifically to the findings of fact is the addition of the word "ultimate".
The phrase "ultimate facts" is one of the most troublesome in the law. It has been said to be "always a relative term." 90 C.J.S. p. 1021.
The variety of meanings that have been ascribed to it consumes more than ten pages of Words and Phrases. See Volume 43, Pages 3-14.
Prior to the enactment of Chapter 67-374 it was not uncommon for compensation awards to contain lengthy quotations of evidence, statements of the reason for accepting the opinion of one expert over that of another, and a marshaling of arguments of fact and law tending to support the conclusions reached and announced in the order.
This court has seen fit to comment in the past that "observations, recitals and exerpts from the testimony of witnesses, argumentative comment thereon, expressions of personal beliefs and opinions, statements of the reasoning used, statements that a party has or has not established his claim as required by law are not proper." Hardy v. City of Tarpon Springs, Fla., 81 So.2d 503.
Chapter 67-374 would seem to have been designed to conform the statute to our decisions in this area.
The phrase "ultimate facts" has been defined by good authority to mean "all those facts necessary to be found in a given case in order that the determination of the right of the parties shall become a pure question of law." 90 C.J.S. p. 1021. Words and Phrases, Volume 43, Pages 3-14.
This definition conforms very closely to the holding of this court in Hardy v. City of Tarpon Springs, Fla., 81 So.2d 503 that the statement of fact in a compensation order "should be clear and unambiguous and should be sufficiently definite and detailed to enable the reviewing authority to test the validity under the law of the decision resting upon those facts."
Thus it is apparent that at least one accepted definition of "ultimate facts" renders the statute not only valid but completely harmonious with the prior decisions of this court and the continued practical application of the "substantial competent evidence" rule.
A different construction of the statute  one which would not require a sufficiently detailed finding of fact to permit the proper use of the "substantial competent evidence" rule  raises a serious question of its constitutional validity.
It is a well recognized rule of statutory construction that "A statute must be so construed, if fairly possible, as to avoid, not only the conclusion that it is unconstitutional, but also grave doubts upon that score." Burr v. Florida East Coast Ry. Co., 77 Fla. 259, 81 So. 464. Many other cases announce this principle.
Applying that rule we hold that Chapter 67-374 is constitutional and valid, but that it does not operate to relieve the judges of industrial claims from the responsibility to make findings of fact sufficient to meet the requirements of Ball v. Mann, Fla., 75 So.2d 758, and Hardy v. City of Tarpon Springs, supra.
A statute should be construed in the light of the evil to be remedied and the *228 remedy conceived by the legislature to cure that evil. Spencer v. McBride, 14 Fla. 403.
In arriving at the legislative intent in amending the statute under consideration it is appropriate to consider the prior judicial construction of the statute which was amended as well as the practical operation of that statute before and after the amendment.
While the filing of a petition for certiorari to the Industrial Commission is the first step in any judicial proceeding on a workmen's compensation claim, we have consistently held that the function of this court, insofar as examination of the evidence is concerned, is to ascertain whether there is substantial competent evidence legally sufficient to support the findings made by the officers of the executive department whose decisions are under examination. Wilson v. McCoy Manufacturing Co., Fla., 69 So.2d 659.
Of course it is impossible for the court to intelligently apply this rule unless the facts of each case are stated with sufficient particularity to enable the court to determine just what facts were found by the judge of industrial claims in that case, and then review the evidence as to those findings of fact which it is claimed were not supported by legally sufficient substantial competent evidence.
Without such a finding of fact this court would be required to abandon the substantial competent evidence rule and either try the case de novo on the record, without having had the benefit of seeing and hearing the witnesses, or devise some other rule by which to measure the scope of its review of the evidence in such cases.
The obvious purpose of Chapter 67-374 is to reduce the length of compensation orders by eliminating any requirement that matters other than the appropriate findings of fact be included in such orders; by expressly removing and need for "other reasons or justification for" the order entered, and to some extent by limiting the required findings of fact.
It is equally obvious that the legislature did not intend to eliminate entirely the duty of the judges of industrial claims to make findings of fact. But unless the findings of fact are in sufficient detail to permit the decision of the factual issues by application of the "substantial competent evidence" rule, they serve no useful purpose.
It is our conclusion that the evil intended to be remedied by the enactment of Chapter 67-374 was the unnecessary length of compensation orders. The remedy concerned was reducing such orders to a concise but complete statement of the findings of fact made by the judge of industrial claims on all factual issues in the case in sufficient detail to permit application of the substantial competent evidence rule but without undue elaboration and without argument of fact or law, followed, of course, by the order itself.
Any other construction would require us to hold that the legislature intended by means of this slight change in the statute to disrupt the whole scheme of judicial review by this court of compensation orders as this has been developed and applied over the years.
The compensation order in the case under consideration wholly fails to meet the standards herein determined. Certiorari is granted, the compensation order is vacated and the case is remanded to the Industrial Commission with directions to require the preparation of compensation order meeting the requirements of this judgment.
ERVIN, C.J., and ROBERTS, DREW, ADKINS and BOYD, JJ., concur.
CARLTON, J., concurs specially with Opinion.
CARLTON, Justice (concurring specially).
Fla. Stat. 440.25(3) (c) (1965) was revised by Fla. Stat. Ch. 67-374 merely for *229 the purpose of eliminating undue prolixity in compensation orders while still requiring presentation of that quantum of facts necessary for intelligent appellate review. This revision was not intended to interfere with judicial review, and the statute, as revised, should not be construed as in any way altering the necessity for adequate findings of fact as set forth in Hardy v. City of Tarpon Springs, 81 So.2d 503 (Fla. 1955). This case is remanded because it fails to comply with Hardy, not because of alleged constitutional infirmities.