279 So.2d 281 (1973)
Edward Delano PIERCE, Petitioner,
v.
PIPER AIRCRAFT CORPORATION, et al., Respondents.
No. 43265.
Supreme Court of Florida.
June 6, 1973.
Rehearing Denied July 23, 1973.
Paul A. Gamba of the Law Offices of C.R. McDonald, Jr., Fort Pierce, for petitioner.
Michael Jeffries, of Neill, Griffin, Jeffries & Lloyd, Fort Pierce, and Kenneth H. Hart, Jr., Florida Industrial Relations Commission, Tallahassee, for respondents.
ROBERTS, Justice.
By petition for writ of certiorari, we have for review an order of the Industrial Relations Commission reversing and remanding this cause to the Judge of Industrial Claims for further findings of fact.
Claimant Pierce allegedly sustained an industrial accident on May 12, 1971, while he was at work at Piper Aircraft Corporation instructing several employees, and as a result of which accident, petitioner contends a disc in his back was ruptured. Respondent controverted on the ground that the claimant had not sustained an industrial accident and was, therefore, entitled to no benefits. Finding that claimant had suffered a compensable injury, the Judge awarded future medical care and treatment as the nature of claimant's injuries shall require, temporary total disability until such time as claimant shall reach maximum medical improvement, and in the event that claimant commences earnings prior to that time, shall pay claimant temporary partial disability. In entering said order, the Judge made the following findings, inter alia:
"3. I further find that the claimant sustained a compensable industrial accident *282 on May 12, 1971, in which he injured his back, and due to that back injury, he had to undergo a laminectomy, and the claimant has not reached his point of maximum medical improvement so that the full nature of this injury cannot yet be fully determined, assessed and evaluated, and that the claimant will be entitled to temporary total disability or temporary partial disability, as provided by statute, for this injury.
"4. It is my finding of fact that EDWARD DELANO PIERCE on May 12, 1970 [sic], while working over a mold, at Piper Aircraft, first sustained a burning sensation in his back when he reached up to pull the mold down, and shortly thereafter while leaning over with a trim knife, trimming said mold, he sneezed, and at that point had knots in his back, and I find that this is the point of time in which the claimant ruptured a disc in his back, and that this is a compensable injury incurred in the course of the claimant's employment, and for which he is entitled to compensation as provided by the Workmen's Compensation Act.
"5. In making this finding of fact, I reject the testimony or inference from any witness to anything contrary. There is a question from the testimony of Nurse Donovan as to whether this accident happened on May 11 or May 12, and I find that it was May 12, and I further find that if it were May 11, that that would be irrelevant and immaterial and would not change my finding of fact in this case.
"6. I further find that the employer had knowledge of an industrial accident, that it is recorded on May 13, 1971, in the employee's record with the employer company, that the accident as described by the claimant is a compensable accident and that he is entitled to the requested compensation benefits.
"7. I further find from the testimony of Mr. Myers that the claimant did recite to him a history of accident on the next day, and I further find from the nurse's notes that the claimant was seen by her after advising Mr. Myers of his accident, and that on May 13, 1971, the claimant became temporarily and totally disabled and has been temporarily and and totally disabled from that date to the date of the hearing, and can now only do limited work, and has not reached his point of maximum medical improvement."
The Industrial Relations Commission quoted brief excerpts from the above findings and then concluded that the critical findings of the Judge were devoid of and unsupported elsewhere by,
"... a statement of rationale or findings of fact which would resolve or attempt to resolve the fulsome evidence, both testimonial and documentary, subversive of the abovequoted findings (conclusions) of the Judge of Industrial Claims. The record fairly teems with evidence contradictory of, or contrary to, the abovestated findings of the Judge, and a brief review of that evidence is in order for reasons hereinafter stated."
The Commission further explained that,
"It is apodictic that the Order of the Judge of Industrial Claims is not to be disturbed so long as it is foundationed by competent, substantial evidence according with logic and reason. U.S. Casualty Co. v. Maryland Casualty Co., 55 So.2d 741 (Fla. 1951). But the foregoing rule does not empower the Judge of Industrial Claims to enter a conclusionary Order devoid of the findings of fact explanatory of whatever peremptory resolution of conflicts he might subliminally have made, as here. Ball v. Mann, 75 So.2d 758, 760 (1954). Such findings of fact are prerequisite to an intelligent review on appeal of the Order of the Judge of Industrial Claims. Brown v. Griffin, 229 So.2d 225 (Fla. 1969); Hardy v. City of Tarpon Springs, 81 So.2d 503 *283 (Fla. 1955). Absent such a sufficiency of findings, this Commission or the Supreme Court must be rendered unable to determine whether the Judge of Industrial Claims fairly and properly adjudicated the cause or merely immediately came to a conclusion  in derogation of the mediated conclusion which the law requires of Judges."
Respecting the requirement imposed upon the Judge of Industrial Claims in making findings of fact, this Court has set out certain guidelines. In Ball v. Mann, 75 So.2d 758, 760 (Fla. 1954), this Court declared,
"In disposing of a claim for compensation, a Deputy Commissioner has a duty to make findings of fact. Section 440.25(3)(b), F.S. 1951, F.S.A. Mere recitals of the evidence do not satisfy this requirement. A Deputy Commissioner should resolve all conflicts in the evidence upon material matters and make specific findings of fact sufficient to show clearly the basis for the award. By adherence to this procedure, the record will advise the litigants, and they are entitled to know, of the facts taken into consideration in assessing an award and will facilitate the task of any reviewing authority."
Subsequently in Hardy v. City of Tarpon Springs, 81 So.2d 503 (1955), we quoted the preceding excerpt from Ball v. Mann, supra, as authority, but further explicated,
"... that observations, recitals and excerpts from the testimony of witnesses, argumentative comment thereon, expressions of personal beliefs and opinions, statements of the reasoning used, statements that a party has or has not established his claim as required by law are not proper. They are not required by the statute nor are they sufficient to satisfy the statutory duty requiring that there be set forth a statement of the findings of fact." supra, at p. 506.
Therein we held that it was not necessary that the Deputy Commissioner (now Judge of Industrial Claims) set out in detail every fact brought out in evidence; however, the statement of facts should be clear and unambiguous and should be sufficiently definite and detailed to enable the reviewing authority to test the validity under the law of the decision resting upon those facts. Chapter 67-374, Laws of Florida 1967, amended Section 440.25(3)(c) to provide,
"(c) The order making an award or rejecting the claim (referred to in this chapter as a compensation order) shall set forth the findings of ultimate facts and the mandate, and the order need not include any other reasons or justification for such mandate, ..." (emphasis supplied)
This Court in Brown v. Griffin, 229 So.2d 225 (Fla. 1969), held that Ch. 67-374, Laws of Florida, was valid but it did not operate to relieve Judges of Industrial Claims from making findings of fact sufficient to meet the requirements of Ball v. Mann, supra, and Hardy v. City of Tarpon Springs, supra. Thus according to Brown v. Griffin, supra, the order of the Judge of Industrial Claims was required to include ultimate facts defined as all those facts necessary to be found in a given case in order that the determination of the rights of the parties shall become a pure question of law.
At the time these aforecited decisions were rendered, the Deputy Commissioner's (Judge of Industrial Claims) orders were only theoretically reviewed by a part-time Commission not required to have legal training, and who, we take notice, usually did not have such. The need for detailed and precise findings of fact was clear, when hurriedly reviewed by a part-time Commission predominated by laymen.
In 1971, the Industrial Relations Commission began a new era when the Governor reorganized it into the fashion *284 of a court. Legislative sanction was given to this reorganization by Section 20.17(7), Florida Statutes, F.S.A., which creates an Industrial Relations Commission, providing, in pertinent part,
"(7) There is created within the department of commerce an industrial relations commission to consist of a chairman and two other members all to be appointed by the governor, with the advice and consent of the senate, and all to serve full time. Not more than one appointee shall be a person who, on account of his previous vocation, employment, or affiliation, shall be classified as a representative of employers; and not more than one such appointee shall be a person who, on account of his previous vocation, employment, or affiliation, shall be classified as a representative of employees. Each appointee shall have the qualifications required by law for circuit judges. ..." (emphasis supplied)
The Commissioners are now required to be full-time and to have been members of The Florida Bar for at least five years. They have research assistants and operate much like our District Courts of Appeal. Also, Judges of Industrial Claims (formerly Deputy Commissioners) have consequently been elevated in the sphere of workmen's compensation to a status somewhat akin to circuit judges. The process from the time the claim is filed through the time petition for writ of certiorari is filed with this Court has become more judicial in nature since the 1971 reorganization. In view of these facts, particularly the fact that the Commissioners are now full-time lawyers, we feel compelled to reevaluate our prior decisions of Ball v. Mann, supra, Hardy v. City of Tarpon Springs, supra, and Brown v. Griffin, supra, respecting requirements imposed upon the Judge of Industrial Claims in making his findings of fact. Recognizing the tremendous magnitude of the caseload on Judges of Industrial Claims and in light of the new posture of the Commission, we have decided to reexamine the stringent requirements for findings of fact set forth in the abovecited decisions of this Court. We now hold the Judge of Industrial Claims need make only such findings of ultimate material fact upon which he relies, as are sufficient justification to show the basis of an award or a denial of the claim. A long, verbose explanation of the reasoning for making such findings of fact is not required. However, where testimony of two or more expert witnesses of comparable qualification are in direct conflict, it will be helpful to the Commission and this Court if some explanation is given as to why the testimony of one is accepted and the other rejected.
Our objective is to reduce to a substantial degree the workload of Judges of Industrial Claims where such can be accomplished without substantial diminution of the value of their work product. Insofar as this ruling may appear to be in conflict with Ball, supra, Hardy, supra, or Brown, supra, the rule in those opinions is modified to conform to the restatement herein expressed. It is only fair to state that in deciding this case by the Industrial Relations Commission they did not have the benefit of this restatement and were relying on the Ball, Hardy and Brown cases for their decisions which cases have now been modified by our decisions in this cause.
With regard to the instant cause, we hold that the findings of the Judge were sufficiently explicit and the Commission erred in remanding for further findings of fact. In so ruling, we do not pass upon the substantive issues involved in this case.
Accordingly, we quash the Order of the Commission and remand with directions to entertain the application for review upon the findings submitted.
It is so ordered.
CARLTON, C.J., and ERVIN, McCAIN and DEKLE, JJ., concur.