DEKLE, Justice.
This cause is before us on petition for writ of certiorari to review an order of the Industrial Relations Commission which reversed and remanded the case to the Judge of Industrial Claims for further findings of fact. We dispensed with oral argument as unnecessary. See F.A.R., Rule 3.10(e), 32 F.S.A.
On October 2, 1968, the claimant suffered a compensable injury when he fell and injured his left elbow. As a result of this accident, he underwent surgery on October 8, 1968, and April 12, 1969. On March 7, 1970, the parties entered into a stipulation as to disability and medical remedial treatment. This stipulation was approved by a compensation order on March 10, 1970.
The petitioner subsequently moved back to Lexington, Kentucky. He continued to suffer pain and swelling in his elbow. On August 14, 1971, the claimant came under the care of Dr. Carl Friesen. On three occasions, Dr. Friesen put the claimant in the hospital. On September 24, 1971, Dr. Friesen performed a fusion to the claimant’s elbow which, if successful, will eliminate any motion at the joint of claimant’s elbow.
As a result of this operation, the claimant instituted the present action to modify the order of March 10,1970, because of a change of condition and/or mistake of fact. The Judge of Industrial Claims, in a lengthy order dated March 23, 1972, found, among other things, that there had been a change of condition. The Industrial Relations Commission, in an order dated January 23, *418 1973, reversed the order of the Judge of Industrial Claims on the ground that he had made insufficient findings of fact. In particular, the Commission found that the Judge had not made any findings as to what constituted the change in condition.
In Pierce v. Piper Aircraft Corp., Fla., 279 So.2d 281, filed June 6, 1973, we felt compelled to reevaluate our prior decisions concerning the necessity of making extensive, detailed findings of fact. Recognizing the improved system under which workmen’s compensation cases are handled, we established the following guide:
“The Judge of Industrial Claims need make only such findings of ultimate material fact upon which he relies, as are sufficient to show the basis of an award or a denial of the claim. A long, verbose explanation of the reasoning for making such findings of fact is not required.”
In the case before us, the ultimate finding of fact we are concerned with is whether or not a change in the claimant’s condition had occurred which would warrant a modification of the order of March 10, 1970. The Judge of Industrial Claims stated in paragraph 11 of his order as follows :
“That I find that surgery and fusion of the claimant’s left elbow by Dr. Friesen was casually related to injuries received by him in his industrial accident on October 2, 1968.”
In the following paragraph, the Judge of Industrial Claims concluded:
“That there has been a Change in the Claimant’s condition since the Straight Stipulation of March 7, 1970 and the approving Order dated March 10, 1970.”
In his order, the Judge described in detail the events leading up to the operation and found that the claimant had not reached maximum medical improvement, to-wit, fusion of the left elbow. It is therefore apparent that the Judge concluded that the change in condition was the surgery.
It is therefore our conclusion that the Judge made sufficient findings of fact as to the change in the claimant’s condition. Accordingly, the order of the Industrial Relations Commission is quashed and the cause remanded with directions to entertain the application for review upon the findings submitted.
It is so ordered.
CARLTON, C. J., and ROBERTS, ERVIN and ADKINS, JJ., concur.