307 So.2d 166 (1974)
SCHOLASTIC SYSTEMS, INC. and the Travelers Ins. Co., Petitioners,
v.
Robert LeLOUP and State of Florida Industrial Relations Commission, Respondents.
No. 45320.
Supreme Court of Florida.
October 24, 1974.
Rehearing Denied February 19, 1975.
*168 Charles A. Zinn of Shackleford, Farrior, Stallings & Evans, Tampa, for petitioners.
Joseph L. Thury of Antinori, Cohen & Thury, Tampa, for respondents.
DEKLE, Justice.
We have for consideration a petition for writ of certiorari directed to the Industrial Relations Commission, our jurisdiction arising under Art. V, § 3(b)(3), Fla. Const., which provides that this Court "may issue writs of certiorari to commissions established by general law having statewide jurisdiction." The Industrial Relations Commission is within the purview of this constitutional language and its provision is clear that we may review the decisions of the Commission by way of certiorari; it is not, however, a mandatory review as is provided under Art. V, § 3(b)(1), Fla. Const., which sets forth that this Court shall hear appeals falling within the scope of that provision. Thus, from a constitutional standpoint, our consideration of decisions of the Industrial Relations Commission is discretionary, a fact too often overlooked in our conscientious efforts to provide a review of IRC cases in the past.
This Court has from time to time reconsidered the manner in which it can best utilize its judicial resources within the framework of its extensive constitutional jurisdiction; otherwise, it would become physically impossible to give proper consideration to all cases which equally demand our careful review. One of the best known examples of such a re-appraisal was Foley v. Weaver Drugs, Inc., 177 So.2d 221 (Fla. 1965), requiring that conflict certiorari must appear from the "record proper" as a basis for review.
We have concluded after much "soul searching" and upon careful analysis that there is no constitutional requirement for the extensive, appellate type of review previously afforded here in workmen's compensation cases. The United States Supreme Court has recently pointed out in a holding on the right to counsel that constitutional rights with respect to appeal do not include discretionary reviews.[1]
Accordingly, our consideration of decisions of the Industrial Relations Commission will henceforth be governed by the traditional standard of "departure from the essential requirements of law," the same standard currently applied in certiorari review of orders of the Public Service Commission and in interlocutory petitions and common law certiorari.[2]
Our review of orders of the Industrial Relations Commission, as initially noted, is prescribed by Art. V, § 3(b)(3), Fla. Const., providing that we "may issue writs of certiorari to commissions established by general law having statewide jurisdiction." (emphasis ours) A different provision of Art. V, § 3(b)(7), states that we "[s]hall have the power of direct review of administrative action prescribed by law." (emphasis ours) Workmen's compensation review has been implemented by F.S. §§ 440.25(4)(d) and 440.27. In relevant part, § 440.25(4)(d) provides:
"The order of the commission shall become final upon expiration of the period within which any interested party may file a petition for writ of certiorari requesting review of such order by the supreme court unless within said time any interested party shall file a petition for writ of certiorari in accordance with § 440.27."
*169 In pertinent part, § 440.27 states:
"Orders of the commission entered pursuant to § 440.25 shall be subject to review only by petition for writ of certiorari to the supreme court."[3]
Neither of these two statutes attempts to make it mandatory (as of course a statute could not do) for an appellate court to exercise certiorari review fixed by the constitution. The statutes merely provide that certiorari is the sole means by which an IRC order may be reviewed. Common law certiorari lies only in the sound judicial discretion of an appellate court, and is not a matter of right. 5 Fla. Jur., Certiorari, § 10 (p. 494). It therefore appears that there is no right to certiorari review in this Court of orders of the Industrial Relations Commission, unless it is otherwise compelled by other constitutional provisions.
The only constitutional provisions which appear to have any bearing on this question are Art. I, §§ 9 (due process) and 21 (access to the courts). Due process requires that no one shall be personally bound until he has had his "day in court." 6 Fla.Jur., Constitutional Law, § 320 (p. 547). A party is afforded his "day in court" with respect to administrative decisions when he has a right to a hearing and has the right of an appeal to a judicial tribunal of the action of an administrative body.[4] One of the texts expressly refers to the hearing by a commission as meeting the due process requirement when it is stated in 16 Am.Jur.2d, Constitutional Law, § 581, at p. 987:
"In many matters the tribunal requirement of due process may be met by a board or commission... ."
Clearly, the right to a hearing is afforded by Ch. 440, F.S.; thus, the only question remaining is whether an appeal ("Petition for Review") to the Industrial Relations Commission constitutes the required appellate judicial review. It might be asked in another way: "May the IRC properly be considered a judicial body?" If so, the parties have their right of appeal, thus fulfilling the requirement of § 9, Art. I, Fla. Const., without the additional full "appellate" review here. The right of access to the courts in § 21, Art. I, is provided by the availability in this Court of traditional certiorari application to require compliance with the essential requirements of law which we are preserving.
We recently treated the IRC as a judicial body in our opinion at 285 So.2d 601 (Fla. 1973), adopting its Workmen's Compensation Rules of Procedure. In our opinion we delineated the review of workmen's compensation cases by the IRC as "judicial" and expressly recognized the judicial nature of its function. The federal court system has both "Article I courts" and "Article III courts," an example of the former being the tax court. A body may be a "court" without being named within the constitutional article dealing with the judiciary (in the case of our state constitution, Art. V), so long as it fulfills the requirements making it a judicial body of review. Our task is to determine what qualities are necessary in order for a body exercising judicial functions to meet constitutional requirements. Black's Law Dictionary, Rev. 4th Ed., informs us that such a body is: (p. 425)
"A tribunal officially assembled under authority of law at the appropriate time and place, for the administration of justice. In re Carter's Estate, 254 Pa. 518, 99 A. 58.
"An agency of the sovereign created by it directly or indirectly under its authority, consisting of one or more officers, *170 established and maintained for the purpose of hearing and determining issues of law and fact regarding legal rights and alleged violations thereof, and of applying the sanctions of the law, authorized to exercise its powers in due course of law at times and places previously determined by lawful authority, Isbill v. Stovall, Tex.Civ.App., 92 S.W.2d 1067, 1070."
and further at p. 426 as:
"... having power and authority of law at the time of acting to do the particular act. Ex parte Plaistridge, 68 Okla. 256, 173 P. 646, 647."
The term "judicial function" is defined by Ballentine's Law Dictionary as: (p. 685)
"A function exercised by the employment of judicial powers."
And in turn, "judicial power" is defined as: (p. 686)
"That part of the sovereign power which belongs to the courts or, at least, does not belong to the legislative or executive department."
Measured by these standards, the Industrial Relations Commission easily fits within these definitions as a judicial tribunal meeting constitutional requirements.
In recognizing the IRC as a judicial tribunal performing the functions of a court for purposes of the "due process" provision of the constitution, we do not intend to imply that the IRC is literally a "court," for Art. V, § 1, Fla. Const., expressly prohibits the creation of any courts not expressly listed therein. We are merely recognizing that decisions of the IRC, in its capacity as a body reviewing determinations of Judges of Industrial Claims, are of such judicial nature as to satisfy this constitutional provision; nor does anything contained herein affect any organizational or administrative duties of the IRC or any applicability otherwise of the Administrative Procedure Act.
We have previously recognized the elevation of the status of the IRC as now constituted. Pierce v. Piper Aircraft Corp., 279 So.2d 281 (Fla. 1973).
In that learned opinion, our thrice Chief Justice Roberts stated:
"In 1971, the Industrial Relations Commission began a new era when the Governor reorganized it into the fashion of a court. Legislative sanction was given to this reorganization by Section 20.17(7), Florida Statutes, F.S.A., which creates an Industrial Relations Commission, providing, in pertinent part,
"`(7) There is created within the department of commerce an industrial relations commission to consist of a chairman and two other members all to be appointed by the governor, with the advice and consent of the senate, and all to serve full time. Not more than one appointee shall be a person who, on account of his previous vocation, employment, or affiliation, shall be classified as a representative of employers; and not more than one such appointee shall be a person who, on account of his previous vocation, employment, or affiliation, shall be classified as a representative of employees. Each appointee shall have the qualifications required by law for circuit judges. ...' (emphasis supplied)
"The Commissioners are now required to be full-time and to have been members of The Florida Bar for at least five years. They have research assistants and operate much like our District Courts of Appeal. Also, Judges of Industrial Claims (formerly Deputy Commissioners) have consequently been elevated in the sphere of workmen's compensation to a status somewhat akin to circuit judges. The process from the time the claim is filed through the time *171 petition for writ of certiorari is filed with this Court has become more judicial in nature since the 1971 reorganization. In view of these facts, particularly the fact that the Commissioners are now full-time lawyers, we feel compelled to reevaluate our prior decisions of Ball v. Mann, supra; [75 So.2d 758 (Fla.)] Hardy v. City of Tarpon Springs, supra, [81 So.2d 503, (Fla.)] and Brown v. Griffin, supra [229 So.2d 225 (Fla.)] respecting requirements imposed upon the Judge of Industrial Claims in making his findings of fact." (pp. 283-284)
In addition to the statutory provisions of F.S. § 20.17(7) noted by Mr. Justice Roberts in the above quote, we would further point out that F.S. § 440.44(4) provides: "No person shall be appointed judge of industrial claims who is not an attorney-at-law admitted to practice in this state." and that the recently concluded session of the Legislature increased the salary of the members of the Industrial Relations Commission so that it is now equivalent to that paid to judges of the district courts of appeal, by amending F.S. § 440.441. This same act (Ch. 74-363, Senate Bill 873) also amended F.S. § 20.17(7) to provide that each appointee to the Industrial Relations Commission "shall have the qualifications required by law for judges of the district courts of appeal," rather than those of circuit judges as previously required, thus further "upgrading" the status of the IRC to the level of an appellate court.
All of these provisions make eminently clear the legislative intent to elevate the status of the IRC to that of a judicial body. That intent has been studiously carried out and its able "judges" have been most carefully screened and chosen for the highest qualifications in this specialized field of the law. The IRC now occupies a position in the structure of our state government equivalent to the "Article I" courts found in the federal system. The lack of the word "court" in its title is irrelevant; the Board of Tax Appeals was no less a judicial body before its title was changed to that of "Tax Court of the United States." As Shakespeare said: "What's in a name? That which we call a rose by any other name would smell as sweet."[5] We conclude, then, that whatever its title, the Industrial Relations Commission fulfills the requirements of a judicial body of review.
This being the case, there is no constitutional requirement for this Court to review orders of the IRC as a matter of right; nor is it required that our review be in the manner of an appeal. Rather, certiorari to the IRC is regulated by the provisions of Art. V, § 3(b)(3), giving this Court discretionary power to review such orders by certiorari. The provisions of Art. V, § 3(b)(7), giving us the power  but not the duty  to review administrative actions, are not applicable here. Orders of the IRC are not administrative actions, but are judicial functions in their reviews of workmen's compensation appeals, just as are appeals to the state district courts which enjoy only certiorari as the principal means of review in this Court. Since the IRC as a "due process" judicial tribunal provides the equivalent review of workmen's compensation litigation that the DCA's provide in other cases, the judicial review of these two appellate bodies is mutually exclusive, so that another "appeal" from a ruling of the IRC to a DCA does not lie. Review by certiorari only, and this to the Florida Supreme Court, provides the only further appellate step in either instance.
The "administrative action" mentioned in Fla. Const., Art. V, § 4(b)(1) and (2) cannot apply as a predicate for review by the district courts of appeals in workmen's compensation cases. We have just above elucidated the judicial nature of the IRC review; moreover, JIC hearings are not "administrative action" in this sense but rather are quasijudicial in nature and *172 therefore not within the purview of Art. V, § 4(b)(1) and (2) either. Even if IRC decisions were deemed to include the "administrative action" mentioned in Art. V, § 4(b)(1), that section further provides that the appeals be those "not directly appealable to [reviewable by] the supreme court." Here § 3(b)(3) of Art. V comes into play, since it provides that this Court in affording that review "may issue writs of certiorari to commissions established by general law having statewide jurisdiction," which clearly includes the Industrial Relations Commission.
It must also be noted that the appeals to the DCAs contemplated by Art. V, § 4(b)(1) are those "that may be taken as a matter of right." (emphasis ours) Since we are holding in this opinion that the appeal of workmen's compensation cases to the IRC meets the requirements of due process for a "judicial review" and that "access to the courts" is available through certiorari to the Florida Supreme Court, there is no appeal "as a matter of right" remaining to be taken to the DCA under Art. V, § 4(b)(1). The authorities hold that one adequate method of judicial review is sufficient to meet the requirement of due process.[6] Our erudite and prolific opinion writer, the late Supreme Court Justice Glenn Terrell, cited the U.S. Supreme Court holding to such effect in finding this result in Johnson v. McNeill, 151 Fla. 606, 10 So.2d 143 (1942): (at p. 145)
"The Supreme Court of the United States has held that due process is met if one adequate method of judicial review of the orders of administrative agencies is set up and that such method may be made exclusive by statute. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; Securities & Exchange Commission v. Andrews, 2 Cir., 88 F.2d 441."
Furthermore, Art. V, § 4(b)(2), gives the district courts of appeal "power of direct review of administrative action, as prescribed by general law." As noted earlier, general law does not prescribe review power over IRC decisions to the district courts of appeal, but rather expressly states that orders of the IRC in workmen's compensation cases "shall be subject to review only by petition for writ of certiorari to the supreme court." F.S. § 440.27. More fundamentally, however, the constitution itself, as aforesaid, expressly precludes review of IRC orders in workmen's compensation cases by the district courts of appeal. Fla. Const., Art. V, § 4(b)(1).
Appeals to the district court from opinions rendered by the IRC are, therefore, neither expressly provided nor inferred in Art. V; moreover, since all of such reviews would be heaped upon the First District, in which the IRC sits, needless to say, the result would be an unmanageable increase in that one court's caseload that is already overwhelming, thus taxing those able judges' capacity to extend to these important cases the thorough consideration which they deserve. The review contemplated by Article V continues in the Florida Supreme Court but only on the basis of certiorari demonstrating a departure from the essential requirements of law, although such petition and briefs can submit and argue together the contended jurisdiction and merits without, necessarily, first submitting the matter separately on jurisdiction. Either way, the submission of the record and any testimony should now be substantially reduced.
In the exercise of our sound judicial discretion we find, upon our review of the record, no departure from the essential requirements of law sub judice, so that the petition for review in this Court must be denied. We accordingly deny the petition for writ of certiorari in the cause before us. This discretionary consideration shall be the basis of our future consideration of IRC cases sought to be brought to us.
*173 IRC cases shall hereafter be reviewed by this Court upon traditional certiorari grounds based upon a departure from the essential requirements of law, rather than upon general appellate considerations. Appellate review shall be solely for the IRC, with review only in the Florida Supreme Court upon traditional certiorari grounds upon a failure to conform to the essential requirements of law below.
It is so ordered.
ADKINS, C.J., and ROBERTS, BOYD, McCAIN and OVERTON, JJ., concur.
ERVIN, J., dissents with opinion.
ERVIN, Justice (dissenting):
The innovative decision of the majority announced today is a break from the past review policy of this Court in workmen's compensation cases which gave litigants seeking review the equivalent of a direct appeal, although statutorily labelled as proceedings sounding in certiorari. Section 440.27, F.S.
Compensation orders of deputy commissioners and later of judges of industrial claims under the former review policy were not to be disturbed by the Commission or this Court on review
"if they are supported by competent and substantial evidence which comports with reason and logic, and review by Industrial Commission and by the court is limited to determining whether evidence believed by deputy commissioner supports his conclusions, even though reviewing body might have believed witnesses expressing a contrary view." Crowell v. Messana Contractors (Fla. 1965), 180 So.2d 329, following United States Casualty Co. v. Maryland Casualty Co. (Fla. 1952), 55 So.2d 741.
The "substantial evidence" rule was declared to be applicable to reviews of deputy commissioners' orders by the Industrial Commission and this Court. Town of Crescent City v. Green (Fla. 1952), 59 So.2d 1.
It follows, of course, from these holdings that reviewing authorities of judge of industrial claims orders whether the Commission or this Court, are not authorized to substitute contrary evidentiary findings for those of the triers of fact. See City of Pensacola v. Maxwell (Fla. 1950), 49 So.2d 527, 528; In re Smith (Fla. 1954), 74 So.2d 353, 355; Butler v. Carter (Fla. 1960), 123 So.2d 313, 316; and Westerman v. Shell's City, Inc. (Fla. 1972), 265 So.2d 43, 44. The ultimate findings of fact of the trier are to be reviewed only to determine if as a matter of law they are insufficient. This is the rule that applies in direct appeals where evidence is considered. If the evidence is found competent and substantial the findings of the trier of fact thereon will not be disturbed. 5A C.J.S. Appeal and Error § 1669, and London Operating Co. v. Continental Const. Co., 118 Fla. 15, 159 So. 33.
The inevitable conclusion to be drawn from the foregoing holdings is that both the Commission and this Court have been affording reviews which are the equivalent of direct appeals, notwithstanding reviews by this Court are statutorily labelled certiorari proceedings in Section 440.27, F.S.
I am unable to agree that this Court, or in lieu of this Court another appellate court, should only give litigants in workmen's compensation cases a lessened appellate review than that which has been heretofore afforded them. Adequate consideration of workmen's compensation claims should include direct judicial review consideration. To give them only a conflict certiorari review or common law certiorari review of compensation orders is constitutionally impermissible  failing to afford appellate due process.
Administrative or bureaucratic processes affecting the in lieu civil claims of thousands of workmen should not be short circuited *174 by permitting only a limited certiorari review instead of a direct judicial review. A direct judicial review of compensation orders as a matter of right is necessary to safeguard the constitutional rights inherent in remedy cases, similarly as in civil cases where recovery of a contractual obligation or tort claim is involved.
The fact that this Court is overloaded and overworked is no legal justification for allowing only a limited and wholly discretionary  often perfunctory  certiorari review of workmen's compensation claim orders. I readily agree that this Court is overloaded and overworked in this area of its review authority, but I do not believe the remedy for this onerous condition should be the deprival of the type of review now afforded workmen's compensation litigants.
I do not believe that an administrative review of a judge of industrial claims' order by the Industrial Relations Commission is the equivalent of an initial judicial review as contemplated by Article I, Sections 9 (due process) and 21 (access to the courts) of the State Constitution.
The Florida Industrial Relations Commission is the administrative  not the judicial  reviewer in the statutory echelon of the administrative structure for processing workmen's compensation claims. It is not a judicial court of review. Chapter 20, F.S., the governmental reorganization act, prescribes for various administrative bodies with their lower boards and examiners, as well as their "heads" and reviewers. Under Section 20.17(4), F.S., the Industrial Relations Commission is placed under the supervision of the Department of Commerce.
The Industrial Relations Commission is a state agency unit but it is not a court. Under the definitions of agencies in Chapter 120, F.S., the Administrative Procedure Act, it is expressly declared in Section 120.21(1) that:
"Agency means the governing body of any state board, commission or department, or state officer who constitutes the agency authorized by law to adjudicate any party's legal rights ... except the legislature, courts, governor and the department of revenue." (Emphasis supplied.)
Under Section 1, Article V, State Constitution, the judicial power is vested in certain named courts and "[n]o other courts may be established ..." The Industrial Relations Commission is not a court.
All of the arguments in the majority opinion concerning the similarity of the Industrial Relations Commission and its personnel to courts and judges, respectively, supportive of the idea the Commission is a court are irrelevant and beside the point. The Commission is not a court under the Constitution and does not afford a direct judicial review to litigants in workmen's compensation cases.
The point I make is that litigants can not constitutionally be deprived of the equivalent of a direct judicial appeal as a matter of right of workmen's compensation orders of the judges of industrial claims and of the Industrial Relations Commission on any of the bases set forth in the majority opinion.
Section 3(b)(7) of Article V, State Constitution, relating to the jurisdiction of the Supreme Court, and Section 4(b)(2), Article V, State Constitution, relating to jurisdiction of the District Courts of Appeal, both carry the clear intent that "direct review" of administrative action shall be vouchsafed the parties involved and shall be prescribed by general law.
However, and agreeing there is a definite need for re-examining the jurisdictional situation concerning review of compensation case orders because of the overload of the Supreme Court, my research discloses an avenue leading toward appropriate and constitutional review relief.
As the majority points out, Section 3(b)(3), Article V of the State Constitution, *175 providing that the Supreme Court "may issue writs of certiorari to commissions established by general law having statewide jurisdiction," is not mandatory because this jurisdictional language is permissible or discretionary. While it is true this Court erroneously has been giving the equivalent of a direct review of compensation case orders, the implementing statute, Section 440.27, F.S., reads that such orders shall "be subject to review only by petition for writ of certiorari to the supreme court." This language came into existence long before revised Article V was adopted in 1972 and was intended to conform to predecessor Article V as adopted in 1956. Section 440.27, F.S. is no longer pertinent to or in conformity with the commands of present Article V.
The schedule to present Article V contains no language similar to Section 26(10) in the schedule to predecessor Article V adopted in 1956 reading, "Until otherwise provided by the legislature, orders of the Florida Industrial Commission shall be subject to review only by petition to district courts of appeal for writ of certiorari." The Legislature "otherwise provided by law" for Supreme Court certiorari review of Commission orders in said Section 440.27. But present Article V made no such provision in its schedule or in its appellate court jurisdictional provisions. Instead, provisions were made in Section 3 and 4 of Article V for direct review of administrative action.
No provision has been made in general law to implement present Article V for the Supreme Court to "have the power of direct review of administrative action." Neither does it appear that the circuit courts have been given "the power of direct review of administrative action, as prescribed by general law," including compensation orders. It does appear, however, that the district courts of appeal have been given such review authority implicitly from the Constitution and applicable laws.
There is provision in Section 4(b)(1), Article V, State Constitution, that district courts of appeal shall have jurisdiction to hear appeals taken from final judgments and orders as a matter of right, including "those entered [by trial courts] on review of administrative action." Also, Section 120.31, F.S. (Part III of the Administrative Procedure Act), provides alternative procedure for judicial review of administrative action by certiorari in the district courts of appeal. Said section 120.31, F.S. reads in part as follows:
"(1) As an alternative procedure for judicial review, and except where appellate review is now made directly by the supreme court, the final orders of an agency entered in any agency proceeding, or in the exercise of any judicial or quasijudicial authority, shall be reviewable by certiorari by the district courts of appeal within the time and manner prescribed by the Florida appellate rules. If judicial review is sought under this section, the petition shall so state. The venue of the proceedings for such review shall be the appellate district which includes the county wherein hearings before the hearing officer or agency, as the case may be, are conducted, or if venue cannot be thus determined, then the appellate district wherein the agency's executive offices are located."
It is clear this quoted language, as well as succeeding language in Section 120.31, affords the parties in administrative actions appellate due process similarly as is now provided by the Supreme Court under Section 440.27, F.S.
It appears clear to me from the foregoing references that this Court is within its supervisory powers in directing that the district courts hereafter review Florida Industrial Relations Commission workmen's compensation orders. The review decisions of the district courts thereon would, of course, be subject to conflict certiorari review by this Court under our undoubted jurisdiction. This would serve to relieve and accommodate the necessities of the overload problem in the Supreme Court *176 until some legislative relief hopefully may be provided.
In passing, I think I should reiterate what I have previously maintained; that is, that a review of a final judgment or order, whether from a trial court or from the Industrial Relations Commission, should be a direct review. All of the fine distinctions between a direct appeal and a certiorari review or other extraordinary writ remedy belong to the outmoded past of the common law. When an appellate court reviews a final order of the Industrial Relations Commission it should be a direct and complete review  not some limited, antiquated, perfunctory, glossing-over certiorari treatment which permits judges to "wash their hands" of the merits of the cause. Compare dissent in State ex rel. Carter v. Wigginton (Fla. 1969), 221 So.2d 409, text 411.
NOTES
[1] Ross and North Carolina v. Moffit, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974); Douglas v. Calif., 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).
[2] Tamiami Trail Tours v. Railroad Commission, 128 Fla. 25, 174 So. 451 (1937); Sauls v. De Loach, 182 So.2d 304 (Fla.App. 1st 1966); Olin's Rent-a-Car System v. Avis Rental Car System, 135 So.2d 434 (Fla.App.3d 1961); Bloomfield v. Mayo, 119 So.2d 417 (Fla.App.1st 1960); 3 Fla. Law and Practice, Certiorari, §§ 2 and 3 (pp. 603-605).
[3] It appears that the recently amended F.S. § 120.68(2) terminology of "proceedings for review" does not modify this provision of F.S. § 440.27 in any material aspect.
[4] Permenter v. Younan, 159 Fla. 226, 31 So.2d 387 (1947); 73 C.J.S. Public Administrative Bodies § 161, p. 504.
[5] Romeo and Juliet, Act II, Scene II, line 43.
[6] See footnote 4, supra.