345 So.2d 1052 (1976)
Julia VARGAS, Petitioner,
v.
AMERICANA OF BAL HARBOUR et al., Respondents.
No. 48251.
Supreme Court of Florida.
November 24, 1976.
Rehearing Denied June 6, 1977.
G.M. Nachwalter, of Nachwalter, Christie & Falk, Miami, for petitioner.
John G. Tomlinson, Jr. of Williams & Tomlinson, Coral Gables, for respondents.
ENGLAND, Justice.
By petition for the writ of certiorari, we are asked to review an order of the Industrial Relations Commission reversing in part a workmen's compensation award for failure of the judge of industrial claims to state sufficient facts for Commission review. We have jurisdiction under Article V, Section 3(b)(3), Florida Constitution, and Sections 120.68(2) and 440.27, Florida Statutes (1975).
The relevant facts may be briefly stated. Julia Vargas suffered a compensable injury to her back while employed as a maid in the hotel Americana of Bal Harbour. After the presentation of conflicting testimony as to the extent of disability, the judge of industrial claims concluded that Vargas had suffered *1053 a 50% loss of earning capacity and ordered that compensation be paid accordingly.[1] In his order the judge explained that his conclusion was
"Based upon the testimony of the Claimant, Mr. Harold Dunsky, Dr. William P. Deutsch, Dr. Freytes, Miss Gay Bondurant, Dr. Jules Trop, and Dr. Ivan Barrios, as well as upon all of the evidence introduced at the final hearing, and after carefully considering the Claimant's restrictions, limited education, potential for employment on the open labor market, physical limitations and restrictions, and also upon careful consideration and examination of the testimony and reports of the vocational consultants and medical witnesses... ."
This is not the first matter which has been brought to us recently on the respective fact-finding roles of the Commission and industrial claims judges.[2] The current difficulty apparently stems from variant views as to our directive in Pierce v. Piper Aircraft Corp., 279 So.2d 281 (Fla. 1973). In that case we modified the prior requirement that judges of industrial claims set forth in their orders detailed fact findings, a duty originally placed upon the fact finder both to relieve this Court of the burden of gleaning facts from a cold record[3] and to relieve the Commission of the need to examine the record for facts so that only law questions would come before it. As we explained in Pierce, placing such a burden on the fact finders may have been a wise policy when their determinations were being reviewed by a part-time Commission predominated by laymen. Pierce recognized the Commission's reorganized status, under which the qualifications of commissioners were set at a level which would encourage, if not guarantee, the development of an administrative expertise which had often been lacking.[4] In Pierce, therefore, we held that judges of industrial claims had only to state the ultimate material facts which justified their disposition of a claim, preferably with an explanation of why a particular fact was selected when complex or conflicting testimony had been adduced.
It is apparent that the Commission and the judges of industrial claims have not reached a workable, mutual understanding of Pierce.[5] This confusion within the agency has caused deplorable delays in awarding deserved benefits to injured workers, and it has burdened this Court with the re-review of factual matters which do not warrant Supreme Court attention. Consequently, we take this opportunity to attempt once more to reconcile the need for specificity in fact finding with the expertise and responsibility of fact reviewers.
The foundation of Pierce, still valid today, is that the commissioners constitute an expert administrative agency,[6] sitting as an administrative appeals board,[7] whose procedures are such as to satisfy the due process requirements of the Florida and *1054 United States Constitutions and whose decisions are subject to judicial review within the discretionary certiorari jurisdiction of this Court.[8]
We perceive the present intra-agency[9] difficulties to arise not from these principles so much as from a misunderstanding of our explanations as to the changed status of the Commission and our more recent extension of deference to its expert judgments. We have frequently mentioned the fact that commissioners must now have the qualifications of judges of the district courts of appeal, and we have analogized Commission processes to procedures followed in the district courts. These analogies were accurate in the context of the limited purposes for which they were drawn, but they have apparently led judges of industrial claims to emulate circuit court judges who generally are not required to make a written account of the facts of a case. By our analogies, we may have led the judges of industrial claims from their rather precisely defined statutory duties.
The Legislature has imposed on each judge of industrial claims the primary duty of finding facts. Section 440.25(3)(c), Florida Statutes (1975), requires those findings to be written. This requirement provides an important service to the parties and to the Commission, in that it preserves in the record the findings of the agency assigned by law to bring industrial relations experience to bear on factual disputes peculiar to that area.
The detail in which such findings must be stated is succinctly described in Section 440.25(3)(c) as the "ultimate facts", the same formulation we expressed in Pierce. This statutory directive requires the written identification of all facts essential to industrial claims decisions, with the degree of specificity as to recorded text, source in the record, or other identification determined in the context of the dispute. That was our holding in Pierce. In cases where there is limited or no argument concerning the facts, the judges need only state the basic facts required by law to exist in order to sustain or reject an award, and to identify the sources of those facts in the record. Where factual disputes exist, more specific findings are required as to the judge's basis for reliance, again with adequate references to the record. By no means, however, do we here mean to resurrect the detailed discussion of testimony which was once imposed on judges of industrial claims. The statute does not require that degree of elaboration. It does, however, require cogency in fact finding.
In considering the case before us, in which the error complained of is a Commission remand for further fact finding, we apply the standard for our review announced in Scholastic Systems, Inc. v. LeLoup, 307 So.2d 166 (Fla. 1974), as further explained in Chicken `N' Things v. Murray, 329 So.2d 302 (Fla. 1976). A writ of certiorari will issue only where it appears that the essential requirements of law have been ignored. Such has not been shown. The application of the Pierce doctrine in testing for "essentiality" obviously cannot be done mechanically, since the detail required in a fact statement will always depend on the nature of the dispute. It follows that an evaluation of the degree of fact sufficiency is better left to the expert understanding of the Commission than to the second-tier review of this Court. In these cases, therefore, we will not intervene when the Commission has reviewed the record and found a need for amplification, absent a clear showing that the Commission has acted arbitrarily. In this way, our review in Commission cases will comport with our review of like non-final orders of other agencies. *1055 For example, we recently granted a motion to quash a petition for a writ of certiorari which sought review of a Public Service Commission order remanding a case for further hearings. Yellow Cab Co. of Boca Raton, Inc. v. Mayo, 339 So.2d 1174, Order filed September 30, 1976 (Fla.).
The petition for the writ of certiorari in this case is granted for the limited purpose of assuming jurisdiction and issuing a binding ruling. As no showing of arbitrariness has been made, the requested relief is denied.
OVERTON, C.J., and ROBERTS, ADKINS, SUNDBERG and HATCHETT, JJ., concur.
BOYD, J., dissents.
NOTES
[1] The judge also ordered payment for past and future palliative care by a chiropractor, and the purchase of an orthopedic mattress. On review, the Commission affirmed the award of an orthopedic mattress as based on competent and substantial evidence of need, but reversed as to palliative care. The Commission ruled that an agreement between the parties had withdrawn the claim for future palliative care, and that past palliative care had been performed without notice to the employer of its need or claimant's desire.
[2] Chicken `N' Things v. Murray, 329 So.2d 302 (Fla. 1976) (IRC upholding JIC's findings); Brown v. Clifford Shover Bldg., Inc., 328 So.2d 838 (Fla. 1976) (IRC remanding for more complete recitation of facts); Schafer v. St. Anthony's Hosp., 327 So.2d 221 (Fla. 1976) (IRC remanding for more complete recitation of facts); Mahler v. Lauderdale Lakes Nat'l Bank, 322 So.2d 507 (Fla. 1975) (IRC reversing JIC's findings).
[3] Brown v. Griffin, 229 So.2d 225 (Fla. 1969).
[4] See Section 20.17(6), Fla. Stat. (1975).
[5] See n. 2 above.
[6] See Chicken `N' Things v. Murray, 329 So.2d 302 (Fla. 1976); Mahler v. Lauderdale Lakes Nat'l Bank, 322 So.2d 507 (Fla. 1975); Scholastic Systems, Inc. v. LeLoup, 307 So.2d 166 (Fla. 1974).
[7] Levinson, The Florida Administrative Procedure Act: 1974 Revision and 1975 Amendments, 29 U. Miami L.Rev. 617, 679-680 (1975).
[8] Scholastic Systems, Inc. v. LeLoup, n. 6 above; Sections 120.68(2), and 440.27, Fla. Stat. (1975).
[9] The Industrial Relations Commission has been created as a separate unit within the Department of Commerce, Sections 20.17(6), and 440.02(8)(a), Fla. Stat. (1975), one of the twenty-five departments authorized to perform functions in the executive branch of government. Art. IV, § 6, Fla. Const. The judges of industrial claims are under the division of labor in the same department. Sections 440.02(8)(b), and 440.45, Fla. Stat. (1975).