PER CURIAM.
The employer/carrier appeals, and the claimant cross-appeals, a workers’ compensation order, which we affirm except as to the award of permanent partial disability benefits based on diminution of wage earning capacity, and as to the amount of attorney’s fee awarded.
Any consideration of wage earning capacity loss in this case is precluded by the claimant’s complete failure to test her employability in the open labor market after reaching maximum medical improve *457 ment. Exxon Co. USA v. Alexis, 370 So.2d 1128 (Fla.1978). We further note that the order appealed is facially inadequate, in that it merely recites the various wage earning capacity loss criteria to be considered without relating such criteria to the facts of the present case. Cf., Dade County School Board v. Miller, IRC Order 2-3302 (Dec. 29, 1977). Such an order insufficiently identifies the ultimate facts necessary to show the basis of the award as required by Vargas v. Americana of Bal Harbour, 345 So.2d 1052 (Fla.1976), and Pierce v. Piper Aircraft Corp., 279 So.2d 281 (Fla.1973).
As to the attorney’s fee awarded, the order fails to indicate what factors were considered in determining the amount of the fee. Again, such an order fails to comport with the requirements of Vargas, supra, and Pierce, supra. Cf., Aetna Maintenance Corp. v. La Baff, 377 So.2d 53 (Fla. 1st DCA 1979).
The order appealed is accordingly affirmed in part and reversed in part, and the cause remanded.
ROBERT P. SMITH, Jr., LARRY G. SMITH and WENTWORTH, JJ., concur.