WELLS, J.
We have for review two questions of Florida law certified by the United States Court of Appeals for the Eleventh Circuit that are determinative of a cause pending in that court and for which there appears to be no controlling precedent. Specifically, the Eleventh Circuit has certified the following questions to this Court:
(1) Whether a petition before the Florida Monroe County Career Service Counsel [sic] was a proceeding in a “court of law.”
(2) If so, whether the petition was seeking “money damages.”
Mosquito Control Dist. of Fla. v. Coregis Ins. Co., 281 F.3d 1207, 1208 (11th Cir. 2002). We have jurisdiction. See art. V, § 3(b)(6), Fla. Const. We answer the first certified question in the negative and decline to reach the second certified question.
FACTS
The facts of the case are as follows. Appellee Mosquito Control Special Taxing District, a/k/a The Florida Keys Mosquito Control District (District), purchased a public officials and employees liability insurance policy from appellant Coregis Insurance Company (Coregis). Thereafter, an employee of the District filed a petition before the Monroe County Career Service Council (MCCSC), alleging that the District improperly discriminated against him in employment decisions on the basis of political affiliation. That petition requested declaratory judgments regarding the propriety of the contested employment decisions and an award of attorney fees and costs incurred in bringing the petition. At the same time, a related suit was filed in circuit court. The District notified Core-gis of both the circuit court action and the petition before the MCCSC. Coregis undertook to defend the circuit court action but declined, on the grounds that the petition was not covered by the policy, to provide a defense before the MCCSC.
The policy purchased by the District stated that “[a]s respects Claims for Loss which is covered by this Policy ... [Core-gis] shall have the right and duty to select counsel and to defend any Suit.” The policy further defined “claim” as “a demand for Money Damages as of right,” while “money damages” was further defined as “monetary compensation for past harms or injuries.” The term “suit” was also defined in the policy as “a proceeding in a court of law where Money Damages may be awarded.”
The District filed the present action against Coregis, seeking declaratory relief to hold that the policy required Coregis to provide a legal defense for the claims asserted in the petition and recovery of attorney fees paid by the District in its own defense before the MCCSC. The United States District Court of the Southern District of Florida granted summary judg *1102 ment in favor of the District, holding that under the policy the MCCSC qualified as a court of law and that the petition was a suit seeking money damages in the form of attorney fees. Coregis appealed, and the Eleventh Circuit certified to this Court the above questions regarding contract interpretation under Florida law. Mosquito Control Dist., 281 F.3d at 1207-08.
ANALYSIS
Regarding the first certified question concerning whether a petition before the MCCSC is a proceeding in a court of law, we conclude that “court of law” has a definite legal meaning expressly limited by article V, section 1 of the Florida Constitution. That section states in pertinent part:
The judicial power shall be vested in a supreme court, district courts of appeal, circuit courts and county courts. No other courts may be established by the state, any political subdivision or any municipality.
Therefore, we find that a petition before the MCCSC is not a proceeding before a court of law under Florida law because the MCCSC is not a court as expressly set forth in the Florida Constitution. The MCCSC is an administrative agency possessing only quasi-judicial powers.[1]
Accordingly, we answer the first certified question in the negative. Because our answer to that question is in the negative, our answer renders moot the question regarding whether the petition before the MCCSC sought money damages.
It is so ordered.
ANSTEAD, C.J., and SHAW, LEWIS, QUINCE, and CANTERO, JJ., concur.
PARIENTE, J., concurs in result only.

. The District argues that in Scholastic Systems, Inc. v. LeLoup, 307 So.2d 166, 169-70 (Fla.1974), this Court did not restrict its definition of a "court” to article V courts in discussing issues concerning the Industrial Relations Commission (IRC), the agency administering workers compensation claims. However, we note that in that decision we stated, "[W]e do not intend to imply that the IRC is literally a 'court,' for Art. V, § 1, Fla. Const., expressly prohibits the creation of any courts not expressly listed therein.” Id. at 170.