[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 21, 2003
THOMAS K. KAHN
CLERK

No. 01-15211
Non-Argument Calendar

D. C. Docket No. 98-10102-CV-NCR

MOSQUITO CONTROL DISTRICT OF FLORIDA,
Special Taxing District,
a.k.a. The Florida Keys Mosquito
Control District,

Plaintiff-Appellee,

versus

COREGIS INSURANCE COMPANY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 21, 2003)**

Before TJOFLAT, BIRCH and GODBOLD, Circuit Judges.

PER CURIAM:

This court certified to the Supreme Court of Florida two questions of Florida law that we held determinative of a case pending in this court and for which there appeared to be no controlling precedent:

> 1. Whether a petition before the Florida Monroe County Career Service Counsel [sic] was a proceeding in a "court of law."
>
> 2. If so, whether the petition was seeking "money damages."

Mosquito Control Dist. of Fla. v. Coregis Ins. Co., 281 F.3d 1207, 1208 (11th Cir. 2002).

The Florida Supreme Court responded. No. SC02-311, Feb. 27, 2003. It set out the facts as follows: The appellee, Mosquito Control Special Taxing District, a/k/a The Florida Keys Mosquito Control District ("District"), purchased a public officials and employees liability insurance policy from the appellant, Coregis Insurance Company. The policy stated: "[a]s respects Claims for Loss which is covered by this Policy . . . [Coregis] shall have the right and duty to select counsel and to defend any Suit." The policy further defined "claim" as "a demand for Money Damages as of right," while "money damages" was further defined as "monetary compensation for past harms or injuries." The term "suit" was also

2

defined in the policy as "a proceeding in a court of law where Money Damages may be awarded."

An employee of the District filed a petition before the Monroe County Career Service Council ("MCCSC"), alleging that the District improperly discriminated against him in employment decisions on the basis of political affiliation. That petition requested declaratory judgments regarding the propriety of the contested employment decisions and sought an award of attorney fees as well as costs incurred in bringing the petition. A related suit was filed in Florida state circuit court at the same time. The District notified Coregis of both the circuit court action and the petition before the MCCSC. Coregis undertook to defend the circuit court action, but it declined to provide a defense before the MCCSC on the ground that the petition was not covered by the policy.

The District then filed the present action against Coregis in the United States District Court for the Southern District of Florida seeking declaration that the policy required Coregis to provide a legal defense for the claims asserted in the petition before the MCCSC and seeking the recovery of attorney fees incurred by the District in defending itself before the MCCSC. The United States District Court granted summary judgment in favor of the District, holding that the MCCSC qualified as a court of law under the policy and that the petition was a suit seeking

3

money damages in the form of attorney fees. Coregis appealed, and the United States Court of Appeals for the Eleventh Circuit certified to the Florida Supreme Court the above questions regarding contract interpretation under Florida law.

The Florida Supreme Court responded. No. SC02-311, Feb. 27, 2003. It answered the first certified question in the negative and declined to reach the second certified question. The Court concluded that "court of law" was a term of definite legal meaning expressly limited by Article V section 1 of the Florida Constitution, which vests judicial power in designated courts and forbids the establishment of other courts by any political subdivision of municipality. Therefore, it found that the petition before MCCSC was not a proceeding before a "court of law" but rather an administrative agency possessing only quasi-judicial powers. It found that the negative answer to the first question rendered moot the question regarding money damages.

The determination of Florida law by the Supreme Court of Florida is determinative of this appeal. Coregis was entitled to a summary judgment. The decision of the United States District Court is therefore REVERSED and the case is REMANDED to the District Court with direction to enter summary judgment for Coregis.

4